J-S45023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY THOMAS | |
| Appellant | No. 1601 EDA 2013 |

Appeal from the PCRA Order of May 13, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.:     CP-51-CR-0316801-1989
CP-51-CR-0820411-1990

BEFORE:  BOWES, J., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED AUGUST 08, 2014**

Gregory Thomas appeals *pro se* from the May 13, 2013 order dismissing his fifth petition for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

Because we find that we may not review Thomas' PCRA petition on the merits, we need not review the factual history of this case.  The trial court has provided the following account of the case's procedural history:

> [Thomas] was found guilty of [two counts of] murder[1] and related offensives [*sic*] stemming from the murders of Tom

---

[*]     Former Justice specially assigned to the Superior Court.

[1]     18 Pa.C.S. §§ 2502(a) (first degree) and 2502(b) (second degree), respectively.

Corley and Clyde Henley, which occurred on November 28, 1988. Following [Thomas'] guilty verdict on June 13, 1991, an evidentiary hearing was held with regard to [Thomas'] claims of ineffective assistance of trial counsel. On September 13, 1991, [Thomas'] post-trial motions were denied. On December 13, 1991, [Thomas] was sentenced to two concurrent life sentences for the two murder convictions. [Thomas] was also sentenced to [one to two] years for aggravated assault,[2] [two to four] years for criminal conspiracy,[3] [ten to twenty] years for robbery, [4] [five to ten] years for robbery, [one to two] years for possession of an instrument of crime,[5] and [one to two] years for possession of an instrument of crime to run consecutive[ly] to the life sentence but concurrent[ly] with each other.[6] [Thomas] timely filed a Notice of Appeal, and on November 4, 1992, the Superior Court vacated the sentence for aggravated assault and the matter was remanded for the imposition of sentence [for] simple assault.[7] Allowance of Appeal was sought, but the Supreme Court of Pennsylvania denied [Thomas'] appeal on April 6, 1993.[8]

On January 15, 1997, [Thomas] filed his first PCRA petition, which [the PRCA court] dismissed on April 20, 1998. [Thomas] appealed this decision to the Pennsylvania Superior Court, which affirmed the decision to dismiss [Thomas'] post-conviction

---

[2]     18 Pa.C.S. § 2702(a)(1).

[3]     18 Pa.C.S. § 903.

[4]     18 Pa.C.S. § 3701.

[5]     18 Pa.C.S. § 907(a).

[6]     Thomas was convicted on two separate counts of robbery and two counts of possession of a criminal instrument.

[7]     *Commonwealth v. Thomas*, 620 A.2d 1238 (Pa. Super. 1992) (table).

[8]     *Commonwealth v. Thomas*, 626 A.2d 1157 (Pa. 1993).

petition on August 13, 1999.[9] On July 31, 2002, [Thomas] filed his second *pro se* PCRA petition. On March 19, 2003, [the PRCA court] dismissed [Thomas'] petition as frivolous. [Thomas] appealed that decision to the Superior Court, which affirmed the decision of [the PRCA court] by Order dated March 16, 2004.[10] On March 3, 2009, [the PRCA court] dismissed [Thomas'] third *pro se* PCRA petition, originally filed on February 9, 2009. [Thomas] appealed and, again, the Pennsylvania Superior Court affirmed the dismissal of [Thomas'] PCRA petition.[11] [Thomas] appealed that affirma[nce] to the Pennsylvania Supreme Court[,] but that appeal was denied on April 4, 2011.[12]

One week later, [Thomas] filed his fourth *pro se* PCRA petition on April 11, 2011. [The PRCA court] dismissed the petition on November 30, 2011. [Thomas] did not appeal that denial. Instead, on April [4], 2012,[13] [Thomas] filed his fifth *pro se* PCRA petition[,] which was denied [as] untimely on May 13, 2013.[14] [Thomas] now appeals that denial.

PCRA Court Opinion ("P.C.O."), 7/2/2013, at 1-2.[15]

_____

[9]     ***Commonwealth v. Thomas***, 745 A.2d 47 (Pa. Super. 1999) (table).

[10]    ***Commonwealth v. Thomas***, 1139 EDA 2003 (Pa. Super 2003).

[11]    ***Commonwealth v. Thomas***, 912 EDA 2009 (Pa. Super 2009).

[12]    ***Commonwealth v. Thomas***, 20 A.3d 487 (Pa. 2011).

[13]    The trial court incorrectly stated in its facts and procedural history that Appellant filed his fifth *pro se* petition on April 16, 2012, but correctly stated in its legal analysis that Thomas filed the petition on April 4, 2012. ***See*** P.C.O at 2, 4.

[14]    It is not clear from the record why the PCRA court delayed for over a year before dismissing Thomas' petition.

[15]    The trial court did not order Thomas to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Without the
*(Footnote Continued Next Page)*

- 3 -

Thomas raises the following issues, reproduced *verbatim* and with all typographical errors preserved, for our review.[16]

1. WHETHER, under state law ineffective-assistance-counsel claims must be raised in an initial-review collateral proceeding, a procedural default will not bar States High Courts from hearing those claims if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.  by the Bedrock Principal.

2. WHETHER, the Appeals Court will agree with limited circumstances recognized by the Federal Courts that the Antiterrorism And Effective Death Penalty Act of 1996 does not bar Thomas or speak to the questions presented here.

3. WHETHER Thomas attorney abandonment in his first collateral proceeding was ineffective (Tariq Shabazz) and whether his ineffective-assistance-at trial claim is substantial, as well as the question of prejudice, are questions that remain open for a decision on remand.

4. WHETHER, Petitioner's newly discovered evidence meets the 60 day rule.

5. Whether.  an appeal court may excuse a procedural default of an ineffective claim when the claim was not properly preserved and presented in the lower/district court due to an attorney errors in an initial-review collateral proceeding.

6. WHETHER, the State refusal to turn over all notes/documents Detective interview notes concerning Raymond Bullock who the State claim commented the murders Violates Brady evidence. And the Initial Statement of star witness Arthur Smith

*(Footnote Continued)* ─────────

benefit of such a statement, on July 2, 2013, the trial court filed its opinion pursuant to Rule 1925(a).

[16] The trial court points out that Thomas' fifth *pro se* PCRA petition is identical to Thomas' fourth *pro se* PCRA petition, which was filed on April 11, 2011, and dismissed by the trial court on November 30, 2011.  P.C.O. at 2.

Brief for Thomas at 6-7.

Like the trial court, we begin by reviewing our jurisdiction to consider Thomas' petition. It is well-established that the PCRA time limits are jurisdictional, and must be construed strictly, regardless of the potential merit of the claims asserted. *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011); *Commonwealth v. Murray*, 753 A.2d 201, 202-03 (Pa. 2000), *abrogated on other grounds by Commonwealth v. Brown*, 943 A.2d 264 (Pa. 2008). "[N]o court may properly disregard or alter [these filing requirements] in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Murray*, 753 A.2d at 203.

A petition under the PCRA must be filed within one year of the date that the underlying judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S. § 9545(b)(3). In the instant case, this Court affirmed Thomas' judgment of sentence on November 4, 1992. On April 6, 1993, the Pennsylvania Supreme Court denied Thomas' allowance of appeal. Thomas' right to appeal to the United States Supreme Court, which he did not do, expired ninety days later. *See* U.S.Sup.Ct.R. 13(1). Thus, his judgment became final for purposes of the PCRA on or about July 5, 1993. Consequently, under section 9545, Thomas had until

July 5, 1994 to file a timely PCRA petition, unless he alleged one of the exceptions enumerated in section 9545(b)(1). The instant petition, however, was filed on April 4, 2012, more than seventeen years after the expiration of the one-year period. Therefore, the petition is untimely on its face.

Despite facial untimeliness, a tardy PCRA petition nonetheless will be considered timely if (but only if) the petitioner pleads and proves one of the three exceptions to the one-year time limit enumerated in subsection 9545(b) of the PCRA, which provides as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b). When an appellant files a facially untimely petition under the PCRA, and fails to plead and prove one or more of the exceptions to the PCRA's one-year jurisdictional time limit, the petition is untimely and we must deny the appellant relief. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 784 (Pa. 2000). Moreover, even when one of the exceptions may apply to a given petition, we will excuse the untimeliness only if the petition was filed within sixty days of the date that the conditions underlying the exception came to light. 42 Pa.C.S. § 9545(b)(2); *Gamboa-Taylor*, 753 A.2d at 783-84.

Thomas does not argue that any of the exceptions to the one-year rule apply. Rather, he proceeds directly to assert various poorly developed claims of ineffective assistance primarily with respect to trial counsel, claims he has litigated unsuccessfully before. To prevail on an ineffective assistance of counsel ("IAC") claim raised under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). In order to obtain relief on an IAC claim, the petitioner must satisfy a three-prong test set forth by our Supreme Court, and must do so by a preponderance of the evidence.

> [I]n order to obtain relief based on [an IAC] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's

error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Reed*, 971 A.2d 1216, 1221 (Pa. 2009) (citing *Commonwealth v. (Charles) Pierce*, 527 A.2d 973, 975 (Pa. 1987)).

The petitioner bears the burden of proving all three prongs of this test. *Commonwealth v. Meadows*, 787 A.2d 312, 319-20 (Pa. 2001). "Counsel is presumed to be effective[,] and Appellant has the burden of proving otherwise." *Commonwealth v. Holloway*, 739 A.2d 1039, 1044 (Pa. 1999). Finally, an IAC claim will be denied if the petitioner fails to meet any one of the three prongs. *Commonwealth v. (Michael) Pierce*, 786 A.2d 203, 221-22 (Pa. 2001), *abrogated on other grounds by Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002).

It is well-established that a claim of ineffective assistance of counsel does not save an otherwise untimely PRCA petition. *Commonwealth v. Pursell*, 749 A.2d 911, 915-16 (Pa. 2000) (citing *Commonwealth v. Beasley*, 741 A.2d 1258, 1260 (Pa. 1999); *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999)). This is true even when the allegations of IAC are claimed to have contributed to the untimeliness of the petition, *see id.*, although Thomas raises no such argument. Thus, notwithstanding Thomas' IAC claims, he can establish his right to relief only by pleading and proving that one of the timeliness exceptions applies. However, Thomas does not cite any of the three enumerated exceptions to the PCRA's one-year jurisdictional time limit. Furthermore, he does not argue that he filed the

instant petition within sixty days of the date upon which he discovered facts establishing any of his IAC claims.[17]  Indeed, he provides no discussion whatsoever regarding his petition's timeliness.  Consequently, Thomas' fifth PCRA petition is untimely.

Order affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2014

_____

[17]    Although, as set forth *supra*, Thomas includes (as question presented number four) a contention that his petition satisfied the sixty-day rule, nothing appears in his argument to substantiate that claim.