J-S19020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RUSSELL L. VANCE | |
| Appellant | No. 2086 EDA 2014 |

Appeal from the PCRA Order June 24, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0216811-1985

BEFORE:  STABILE, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J:                    **FILED APRIL 21, 2015**

Russell L. Vance ("Appellant") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

We summarize the relevant factual and procedural history of this matter as follows.  On February 3, 1986, Appellant entered an open guilty plea to murder, generally,[1] and possessing instruments of crime[2] after shooting his landlord nine times in an apparent rental payment dispute. Following a degree-of-guilt hearing, Appellant was convicted of first-degree murder and sentenced to a mandatory sentence of life imprisonment without

_____

[1] 18 Pa.C.S. § 2502.

[2] 18 Pa.C.S. § 907.

the possibility of parole. This Court affirmed Appellant's judgment of sentence on August 1, 1988, and our Supreme Court denied allowance of appeal on March 15, 1989. Thereafter, Appellant filed seven (7) PCRA petitions, none of which afforded him relief.

Appellant filed the instant PCRA petition, his eighth, on August 1, 2012. The petition alleged that Appellant was entitled to relief based on the Supreme Court of the United States' decision in **Miller v. Alabama**.[3] The PCRA court issued a Rule 907 notice of intent to dismiss the petition without a hearing on March 26, 2014, to which Appellant filed a response on April 1, 2014. On June 24, 2014, the PCRA court dismissed the petition as untimely. Appellant timely appealed on July 7, 2014. The PCRA court filed its opinion pursuant to Pa.R.A.P. 1925(a) on September 2, 2014.[4]

Appellant raises the following issue for our review:

A – WILL THE COMMONWEALTH OF PENNSYLVANIA BE IN VIOLATION OF BOTH: – ITS OWN CONSTITUTIONAL-GUARANTEES OF: *"EQUAL-PROTECTION AND DUE-PROCESS OF THE LAW," AND ALSO THE U.S. CONSTITUTION'S: "1ST;-5TH; 8TH; AND 14TH AMENDMENTS," BY, *"RESENTENCING, JUVENILE-LIFERS WHO WERE ON, *"COLLATERAL-REVIEW," TO A, *"MINIMUM, NUMBER, OF YEARS, OF A LIFE-SENTENCE," WITHOUT ALSO, INCLUDING, AN *"ADULT-LIFER," IN THIS, "SENTENCING-SCHEME," WHO WAS FOUND BY THE TRIAL-

---

[3] **Miller v. Alabama**, __ U.S. __, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

[4] The PCRA court did not order Appellant to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant did not file one.

COURT TO BE: *"GUILTY, BUT MENTALLY-ILL," AND IS ALSO, ON, *"COLLATERAL-REVIEW?"

Appellant's Brief, p. 6 (verbatim).

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

"It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super.2013) (citing 42 Pa.C.S. § 9545(b)(1)). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." *Id.* (citing *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa.2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, a facially untimely petition may be received where one of the PCRA's three limited exceptions to the time for filing the petition is met. *Hernandez*, 79 A.3d at 651 (footnote omitted). These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa.2008), *cert. denied*, 555 U.S. 916 (2008). Further,

[a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.[] § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

*Hernandez*, 79 A.3d at 651-652 (internal quotations omitted).

Initially, we note that Appellant filed the instant petition during the pendency of his seventh PCRA petition. This Court did not affirm the dismissal of his seventh PCRA petition until April 4, 2013. *See Commonwealth v. Vance*, 1968 EDA 2012, April 4, 2013 (unpublished memorandum). Technically, therefore, the petition was a nullity. *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa.2000) ("when an appellant's PCRA appeal is pending before a court, a subsequent PCRA

petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review"). Appellant should have awaited this Court's determination of the appeal of his seventh PCRA petition on April 4, 2013, and then filed the instant petition within 60 days thereof. *See Lark*, 746 A.2d 588 ("[a] subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first date the claim could have been presented"); *see also* 42 Pa.C.S. § 9545(b)(2). However, the record reveals that (1) Appellant attempted to comply with 42 Pa.C.S. § 9545(b)(2), and (2) the PCRA court did not begin its review of the instant petition until after this Court's April 4, 2013 decision in the appeal of the previous petition.[5] Thus, in lieu of quashing the matter, and in the interest of judicial economy, we will overlook the petition's procedural deficiency and proceed to determine the appeal of the PCRA court's dismissal of the petition.

Appellant's sentence became final on May 15, 1989. Accordingly, Appellant had until May 15, 1990 to timely file a PCRA petition. Appellant filed the instant petition on August 1, 2012, over 22 years after the expiration of his PCRA time limitation. Accordingly, Appellant's petition is

---

[5] *See* Trial Court Opinion, p. 2 n.2; Commonwealth's Brief, p. 5 n.1.

facially untimely. Thus, he must plead and prove that his petition falls under one of the Section 9545 exceptions set forth in the PCRA. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

To overcome the PCRA's time bar, Appellant argues that the Supreme Court of the United States' decision in *Miller v. Alabama*[6] entitles him to a timeliness exception pursuant to § 9545(b)(1)(iii).[7] However, *Miller* is wholly inapplicable to Appellant. *Miller* applies to juveniles sentenced to life imprisonment without the possibility of parole. Appellant was 39,[8] and therefore not a minor, when he committed his crime. Accordingly, the PCRA court did not err in denying his petition as untimely.

Order affirmed.

---

[6] In *Miller*, the Supreme Court of the United States determined that sentences of mandatory life imprisonment without the possibility of parole for juveniles convicted of homicide contravene the Constitution's prohibition against cruel and unusual punishment. *Miller*, 132 S.Ct. at 2475.

[7] We note that Appellant filed the instant petition within 60 days of Miller. *See* 42 Pa.C.S. § 9545(b)(2).

[8] Appellant's date of birth is July 3, 1945. The murder occurred on February 3, 1985.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/21/2015