J-S25003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEROME MCDAVIS, | |
| Appellant | No. 1880 WDA 2013 |

Appeal from the PCRA Order October 30, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008612-1987

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 02, 2015**

Appellant, Jerome McDavis, appeals *pro se* from the October 30, 2013 order denying, as untimely, his petition for relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court set forth the following procedural history of Appellant's case:

> On June 4, 1987, [Appellant] was charged generally with the crime of criminal homicide with respect to the death of Richard Banyots.  [Appellant] proceeded with a jury trial and on November 24, 1987, he was convicted of first-degree murder and ultimately sentenced to life without the possibility of parole on February 11, 1988.  [Appellant] filed timely post-sentence motions, which were denied, and he then filed a timely appeal to the Superior Court, which affirmed the judgment of [] sentence on August 9, 1989.[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The judgment of [] sentence was affirmed in an unpublished Memorandum filed at [**Commonwealth v. McDavis**,] 394 Pa. Super. 613, 565 A.2d 819 (1989).

PCRA Court Opinion (PCO), 1/9/15, at 1-2 (unnumbered).

After this Court affirmed Appellant's judgment of sentence on August 8, 1989, he did not file a petition for allowance of appeal with our Supreme Court. Thus, his judgment of sentence became final on September 7, 1989. **See** 42 Pa.C.S. § 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); Pa.R.A.P. 1113(a) (providing that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court … sought to be reviewed").

Appellant filed his first, counseled PCRA petition on January 17, 1997. On November 16, 1998, that petition was denied by the PCRA court. Appellant did not file an appeal. On January 14, 2013, Appellant filed the *pro se* PCRA petition underlying the instant appeal. On May 2, 2013, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss that petition. Appellant filed a *pro se* response, but on October 30, 2013, the court issued an order denying his PCRA petition as untimely.

Appellant filed a timely notice of appeal, and complied with the court's subsequent order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On January 9, 2015, the PCRA court filed a Rule

1925(a) opinion, construing Appellant's twelve-page Rule 1925(b) statement as raising the following issue:

> [T]he Commonwealth withheld exculpatory information from [Appellant] when it did not acknowledge that it had in its possession transcripts from the testimony of three witnesses who testified before an Ohio investigating grand jury. [Appellant] claims that the failure to turn over these transcripts resulted in a violation of his rights pursuant to **_Brady v. Maryland_**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.ed.2d 215 (1963).

PCO at 1 (unnumbered).

Appellant subsequently filed a brief with this Court that does not comport with the Rules of Appellate Procedure. Namely, Appellant does not set forth a Statement of the Questions Involved (Pa.R.A.P. 2116), a Statement of the Case (Pa.R.A.P. 2117), or a Summary of the Argument (Pa.R.A.P. 2118). Instead, Appellant presents eleven handwritten pages of argument that is nearly incomprehensible. From what we can ascertain, the PCRA court's characterization of Appellant's issue, set forth above, is accurate. However, before we may even attempt to address this claim, we must determine if Appellant's patently untimely petition satisfies an exception to the PCRA's one-year jurisdictional time-bar. As this Court has explained:

> It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **_Commonwealth v. Murray_**, 562 Pa. 1, 753 A.2d 201, 203 (2000).

…

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met.

*Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013).

Section 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Additionally, "[a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been

presented." *Hernandez*, 79 A.3d at 651-652 (citing 42 Pa.C.S. § 9545(b)(2)). "In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2)." *Id.* at 652 (citation and internal quotation marks omitted).

Here, Appellant has failed to prove that his petition satisfies an exception to the PCRA's one-year time-bar. First, at no point does he state *when* he discovered the evidence purportedly withheld by the Commonwealth in violation of *Brady*. Therefore, Appellant has not demonstrated that he satisfied the sixty-day time requirement set forth in section 9545(b)(2). Second, Appellant does not specify which timeliness exception his *Brady* claim satisfies, or prove that he acted with due diligence in discovering the allegedly withheld evidence.[1] Accordingly, we conclude that the PCRA court did not err in

---

[1] *Brady* claims have been found to satisfy the governmental interference exception of section 9545(b)(1)(i), as well as the newly-discovered fact exception of section 9545(b)(1)(ii). *See Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2006). To satisfy either exception, the petitioner must prove that he acted with due diligence in discovering the withheld evidence. *Id.*

J-S25003-15

determining that it was without jurisdiction to consider the merits of Appellant's petition.[2]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2015

_____

[2] Appellant has filed three *pro se* motions with this Court: (1) a March 30, 2015 "Motion Practice/Letter Brief"; (2) an April 20, 2015 "Letter Strictly to Supplement Record with the two No Bills"; and (3) an April 27, 2015 untitled motion (docketed by this Court as "Application for Relief"). We note that Appellant does not ask this Court for any type of relief in the motions filed on March 30, 2015, and April 27, 2015. Instead, in these 'motions,' Appellant simply proffers additional arguments that, like his appellate brief, are essentially incoherent. Accordingly, we deny these two motions.

In regard to Appellant's April 20, 2015 motion to supplement the record, it appears that he is requesting that this Court issue an order directing the PCRA court and/or the Commonwealth to supplement the certified record with the transcripts of the Ohio grand jury proceeding, as well as with two documents Appellant refers to as "no bills." Because our issuing Appellant's requested order would not save his otherwise untimely petition, we also deny this motion.

- 6 -