J-S33034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYRONE THORN | |
| Appellant | No. 3193 EDA 2014 |

Appeal from the PCRA Order October 23, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001652-2010

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 24, 2015**

Tyrone Thorn appeals from the order of  the Court of Common Pleas of Delaware County dismissing his petition filed for *habeas corpus* relief, which was subsumed by the Post-Conviction Relief Act (PCRA) 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm.

On September 17, 2010, a jury convicted Thorn of ten counts of involuntary deviate sexual intercourse,[1] five counts of aggravated indecent assault,[2] and five counts of indecent assault.[3]  The charges stemmed from

---

[1] 18 Pa.C.S. § 3123(a)(7) & (b).

[2] 18 Pa.C.S. § 3125(a)(7).

[3] 18 Pa.C.S. § 3126(a)(7).

Thorn's sexual abuse of his stepdaughter, beginning when she was age six and continuing until age seventeen.

On February 14, 2011, Thorn was sentenced to an aggregate term of incarceration of twenty years and three months to fifty seven years. This Court affirmed the judgment of sentence on November 15, 2011. **Commonwealth v. Thorn**, 238 A.3d 920 (Pa. Super. 2011) (unpublished memorandum). No petition for appeal was filed to the Pennsylvania Supreme Court.

Thorn, represented by counsel, filed a timely petition under the PCRA on June 25, 2012. The PCRA court dismissed that petition on August 26, 2014. Thorn did not appeal that order.

On September 8, 2014, Thorn filed a second petition, *pro se*, for *habeas corpus* relief. The court treated this petition under the PCRA, and, on September 18, 2014, filed a notice of intent to dismiss as untimely. **See** Pa.R.Crim.P. 907. Thorn filed no response, and, on October 22, 2014, the court entered a final order dismissing the petition as untimely.

On November 7, 2014, Thorn filed an appeal to this Court. Thorn challenges the constitutionality of the PCRA with respect regards to *habeas corpus* petitions being subsumed by the PCRA. Thorn also challenges the legality of his sentence, claiming it should be reduced to ten to twenty years' imprisonment.

"Our review of the denial of PCRA relief is limited to determining whether the record supports the findings of the PCRA court, and whether the

court's order is otherwise free of legal error." ***Commonwealth v. Owens***, 718 A.2d 330, 331 (Pa. Super. 1998). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. An untimely petition renders this Court without jurisdiction to afford relief." ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013).[4] ***See***

---

[4] The timeliness requirements of a PCRA petition is provided, in relevant part, as follows:

> § 9545. Jurisdiction and proceedings.
>
> (a)    Original jurisdiction. — Original jurisdiction over a proceeding under this subchapter shall be in the court of common pleas. No court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter.
>
> (b)  Time for filing petition.
>
> (1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in

*(Footnote Continued Next Page)*

*Commonwealth v. Murray*, 753 A.2d 201, 202 (Pa. 2000) (applicability of the PCRA's timeliness requirements do not depend on nature of constitutional violations alleged therein).

We note first that Thorn pleads none of the exceptions to the timeliness requirements; rather, he pleads that his *habeas corpus* petition should not be subsumed by the PCRA.

The PCRA provides:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. **The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.** This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to

*(Footnote Continued)* ———————————

> this section and has been held by that court to apply retroactively.
>
> (2)  Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> (3)  For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.
>
> (4)  For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S. § 9545.

provide relief from collateral consequences of a criminal conviction. Except as specifically provided otherwise, all provisions of this subchapter shall apply to capital and noncapital cases.

42 Pa.C.S. § 9542 (emphasis added).

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of habeas corpus. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition.

*Taylor*, 65 A.3d at 465-66.

The PCRA provides for the following potential remedies, in relevant part:

### § 9543. Eligibility for relief.

(a)    General rule. — To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

* * *

(2)   That the conviction or sentence resulted from one or more of the following:

* * *

(ii)    Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

* * *

(vii)  The imposition of a sentence greater than the lawful maximum.

42 Pa.C.S. § 9543.

In **Taylor**, **supra**, the appellant filed a *habeas corpus* petition claiming

an illegal sentence later than one year past the date of final judgment. This

Court held that the appellant's petition should have been treated as a PCRA petition. *Id.* This Court then held that because the *habeas corpus* petition was subsumed under the PCRA, the lower court was without jurisdiction to reach the merits of the petition and it should have been dismissed as untimely. *Id.*

Here, Thorn's *habeas corpus* petition claiming an illegal sentence should be treated as a PCRA petition as well. The PCRA provides potential remedies for Thorn's claim in the forms of the imposition of a sentence greater than the maximum, 42 Pa.C.S. § 9543(a)(2)(vii), and the ineffectiveness of counsel resulting in his allegedly illegal sentence, 42 Pa.C.S. § 9543(a)(2)(ii), as well as the fact that the PCRA is intended to be the sole means of achieving post-conviction relief. *Taylor*, *supra*.

Thorn's judgment of sentence became final on December 15, 2011, when the time for an appeal to the Pennsylvania Supreme Court expired. Thus, he had one year from that date, or until December 15, 2012, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b). Thorn filed this petition, claiming an illegal sentence, on October 22, 2014.

Following *Murray*, *supra*, Thorn's allegations of constitutional violations do not alter the applicability of the timeliness requirements of Thorn's claim. Accordingly, the PCRA court had no jurisdiction to entertain Thorn's petition unless he pleaded and offered to prove one of the three statutory exceptions to the time bar. *See* 42 Pa.C.S. § 9545(b). Thorn failed to do so. Therefore, because Thorn filed this petition, which is

subsumed under the PCRA, almost three years after the judgment of sentence became final, the PCRA court was without jurisdiction to address the merits of the petition and it was correctly dismissed as untimely. ***Taylor***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2015