J-S60033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ISAIAH D. BALDWIN | |
| Appellant | No. 399 EDA 2015 |

Appeal from the PCRA Order January 16, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003112-2009

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 02, 2015**

Isaiah D. Baldwin appeals *pro se* from the order entered on January 16, 2015, in the Court of Common Pleas of Chester County, that dismissed as untimely his second petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  The sole issue raised in this appeal is whether the PCRA court erred "in not correcting an illegal sentence." Baldwin's Brief at 3.  Based upon the following, we affirm.

The PCRA court summarized the background of this case, as follows:

> On May 21, 2010, [Baldwin] entered an open guilty plea to three (3) counts of criminal attempt to commit criminal homicide,[1] three (3) counts of aggravated assault, one (1) count of criminal

---

[1] **See** 18 Pa.C.S. §§ 901 and 2501.  **See also** 18 Pa.C.S. § 1102 ("[A] person who has been convicted of attempt … to commit murder … where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years.")

conspiracy and one (1) count of persons not to possess firearms. On October 21, 2010, [Baldwin] was sentenced to 15 – 40 years state incarceration.[2, 3]  Thereafter, [Baldwin] filed his first PCRA Petition [on July 25, 2011].  In the Petition, he raised one issue for the court's determination:  a challenge to the discretionary aspects of his sentence.  Specifically, [Baldwin] claimed that "the sentencing judge abused his discretion by sentencing him to a term of incarceration that was excessive and did not take into consideration his age and the sentences received by his co-defendants."  *See* [Baldwin's] Amended PCRA Petition.  The Petition was denied by the court and [Baldwin] appealed.  On August 15, 2012, the Superior Court upheld the court's decision. [*See Commonwealth v. Baldwin*, 60 A.3d 572 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 772 (Pa. 2013).]

Notice of Intent to Dismiss PCRA Petition Pursuant to Pa.R.Crim.P. 907(1), 11/18/2014, at 2 n.1.

On November 13, 2014, Baldwin filed the present PCRA petition — his second.  The PCRA court, on November 18, 2014, issued Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition.  On November 21, 2014, Baldwin filed an amended PCRA petition, and on December 1, Baldwin filed an objection to the PCRA court's Rule 907 notice.  On December 22, 2014, Baldwin filed a second amended petition.  In these documents, Baldwin alleged his conviction is illegal in light of *Alleyne v. United States*, 133 S.

---

[2] Baldwin was sentenced to three concurrent terms of imprisonment for each of the three charges of attempted homicide. The court imposed no further sentence for the remaining charges.

[3] No post-sentence motion or direct appeal was filed.

Ct. 2151 (2013),[4] and that counsel rendered ineffective assistance in connection with the entry of his guilty plea. On January 16, 2015, the PCRA court dismissed Baldwin's second PCRA petition as untimely.

Baldwin filed a notice of appeal on February 6, 2015. On February 12, 2015, the PCRA court issued an order directing Baldwin to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Baldwin did not comply with the PCRA court's order and did not file a concise statement. On June 10, 2015, the PCRA court issued an opinion noting Baldwin's failure in this regard, and concluded that Baldwin's claims were waived. **See** PCRA Court Opinion, 6/10/2015. However, the PCRA court also stated that the reasons for its decision in this matter could be found in its January 16, 2015 order, dismissing the petition, and its November 18, 2014, order, giving notice of intent to dismiss.

Our standard of review is well settled:

> "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record."

**Commonwealth v. Lewis**, 63 A.3d 1274, 1278 (Pa. Super. 2013) (citation omitted).

---

[4] In **Alleyne**, the Supreme Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." **Alleyne**, 133 S. Ct. at 2155 (citations omitted).

As a result of Baldwin's failure to file a Rule 1925(b) statement as ordered by the court, we agree with the PCRA court that Baldwin's claims on appeal are waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").[5] In any event, even if Baldwin had properly preserved his claims, we would be without jurisdiction to review them. It is clear from the record that Baldwin's petition is patently untimely and meets no exception to the PCRA timeliness requirements.

"[T]he PCRA's timeliness requirements are mandatory and jurisdictional in nature, [and] no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). Generally, any PCRA petition must be filed within one year of the date a petitioner's judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

---

[5] We note that because Baldwin is *pro se*, the remand procedure pursuant to Rule 1925(c)(3) does not apply. *See* Pa.R.A.P. 1925(c)(3) ("If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge."). As a *pro se* appellant, Baldwin cannot assert his own ineffectiveness. *See Commonwealth v. Fletcher*, 986 A.2d 759, 773 (Pa. 2009) ("The law prohibits a defendant who chooses to represent himself from alleging his own ineffectiveness.").

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Moreover, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Here, Baldwin was sentenced on October 21, 2010. No post-sentence motion or direct appeal was filed. Therefore, Baldwin's judgment of sentence became final on Monday, November 22, 2010, when the 30-day

appeal period expired.[6]  ***See*** 42 Pa.C.S. § 9545(b)(3) (providing judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 903(a) (providing 30 day appeal period).  Therefore, Baldwin was required to file his PCRA petition on or before November 22, 2011. Nevertheless, Baldwin did not file the instant PCRA petition until November 13, 2014. Consequently, Baldwin must plead and prove that one of the PCRA's exceptions applies here.

To the extent that Baldwin's citation to ***Alleyne***, ***supra***, can be viewed as reliance upon the after-discovered evidence exception or the "new retroactive constitutional right" exception, Baldwin's argument would fail.

We note, at the outset, Baldwin does not allege that he received a mandatory sentence that would implicate the United States Supreme Court decision in ***Alleyne***.

In any event, because Baldwin filed this second PCRA petition on November 13, 2014, more than a year after ***Alleyne*** was decided on June 17, 2013, he failed to satisfy the 60-day requirement of Section 9545(b)(2), ***supra***.  ***See Commonwealth v. Cintora***, 763 69 A.3d 759, 763–764 (Pa.

_____

[6] The thirtieth day, November 20, 2010, fell on a Saturday. ***See*** 1 Pa.C.S. § 1908.

Super. 2013) ("To fulfill the 60-day requirement [of 42 Pa.C.S. § 9545(b)(2)], Appellants needed to file their petitions within 60 days from the date of the court's decision."), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Further, even had Baldwin met the requirement of Section 9545(b)(2), the after-discovered evidence exception would not apply as the Pennsylvania Supreme Court has held that a judicial decision does not trigger Section 9545(b)(1)(ii). **See Commonwealth v. Watts**, 23 A.3d 980, 986–987 (Pa. 2011).

Additionally, **Alleyne** would not provide Baldwin with an exception under Section 9545(b)(1)(iii), as "neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final." **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014).

Accordingly, were Baldwin's claims not waived by failure to file a Pa.R.A.P. 1925(b) statement, we would conclude that he is still entitled to no relief based upon his failure to pled and prove the applicability of a PCRA timeliness exception. Therefore, there is no basis upon which to disturb the PCRA court's denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/2/2015