J-S35044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THOMAS P. RICHARD, SR. | : | |
| | : | |
| Appellant | : | No. 327 WDA 2017 |

Appeal from the PCRA Order January 17, 2017
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0003607-1999

BEFORE:   LAZARUS, RANSOM, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 9, 2017**

Thomas P. Richard, Sr. ("Appellant") appeals from the order entered in the Court of Common Pleas of Westmoreland County dismissing his sixth petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA Court provides an apt procedural history of the case at bar as follows:

> A jury in the Court of Common Pleas of Westmoreland County convicted [Appellant] on July 17, 2000, of rape and related offenses involving an incident with his daughter, [for] which he was sentenced by [the court] to an aggregate term of imprisonment of not less than twenty-five and a half nor more than fifty-one years.  The twenty-five and a half year term was a mandatory minimum required at the time of sentencing. [Appellant's] conviction and judgment of sentence were affirmed

_____

[*] Former Justice specially assigned to the Superior Court.

by the Superior Court of Pennsylvania on direct appeal. *See Commonweatlh v. Richard*, 803 A.2d 796 (Pa. Super. 2002) (unpublished memorandum), *appeal denied* 806 A.2d 860 (Pa. 2002).

After five unsuccessful attempts to obtain post conviction collateral relief, on March 18, 2016, petitioner filed his sixth [PCRA] petition, *pro se*….

PCRA Court Opinion and Notice of Intent to Dismiss, filed 12/26/17/, at 1.

On January 17, 2017, the PCRA court entered an order denying Appellant's request for PCRA relief. This timely appeal followed.

On appeal, Appellant presents the following questions for this Court's review:

1. Did the court below err by not finding that *Montgomery v. Louisianna*, 577 U.S. _____ (2016) and/or *Welch v. U.S.*, 578 U.S. _____ (2016) fully controlled as to invoking the time bar exception at § 9545(b)(1)(iii), as the binding and mandating legal principle, and as the necessary adjunct to afford *a fortiori* to give full retroactive effect to *Com[monwealth] v. Wolfe*, 106 A.3d 600 (Pa.Super. 2014) and *Com[monwealth] v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*)?

2. Is the Appellant's sentence [now] illegal, where the terms of such punishment are no longer authorized or enforceable by a valid statute; and would the failure to correct render an absurd and unjust result of indefinitely incarcerating individuals under [now] voided laws, where such drastic loss of Liberty [sic] and consequences thereof, constitute the quintessential [sic] miscarriage of justice?

Appellant's brief at 4.

Our standard of review of an order denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Perez*, 103 A.3d 344, 347 (Pa. Super. 2014). "The

PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lippert****,* 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, we address whether Appellant's petition is properly before us. Any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and a court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651–652 (Pa. Super. 2013) (citing ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000)). "A judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

In the case *sub judice*, Appellant's judgment of sentence became final on November 25, 2002, upon the expiration of the ninety day period to seek review with the United States Supreme Court after the Pennsylvania Supreme Court denied his petition for allowance of appeal on August 27, 2002. 42 Pa.C.S. § 9545(b)(3). Appellant filed the instant PCRA petition, his sixth, on March 17, 2016, nearly fourteen years after his judgment of sentence became final. Accordingly, his petition for PCRA relief is patently untimely.

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

_____

[1] The exceptions to the timeliness requirement are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Here, Appellant essentially claims that his sentence was illegal in light of the holdings in *Alleyne v. U.S.*, ___U.S.___, 133 S.Ct. 2151, 2163 (2013),[2] and *Montgomery v. Louisiana*, ___U.S.___, 136 S.Ct. 718 (2016). After review, we discern no merit to Appellant's claim.

In *Alleyne*, the United States Supreme Court held that any facts that increase a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2155, 2163. However, the Pennsylvania Supreme Court held that *Alleyne* does not apply retroactively to collateral attacks on a petitioner's mandatory minimum sentence. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).[3]

Moreover, *Montgomery* stated that *Miller v. Alabama*, 132 S.Ct. 2455 (2012), in which the United States Supreme Court held that it is unconstitutional to impose a mandatory sentence of life imprisonment without the possibility of parole on juvenile offenders, applies retroactively to cases on collateral review. Appellant, however, was neither a juvenile at

_____

[2] This Court's decision in *Wolfe*, which Appellant cites in his statement of questions presented on appeal, relied on *Alleyne* and its holding that "facts that increase mandatory minimum sentences must be submitted to the jury" to invalidate the mandatory minimum sentence applied to each of the defendant's IDSI charges. *Wolfe*, 106 A.3d at 802.

[3] Moreover, to the extent Appellant predicates his retroactivity argument upon *Wolfe*, we find *Wolfe* inapposite, as it involved a direct appeal from a judgment of sentence that postdated the *Alleyne* decision.

the time of his crime nor was he sentenced to a mandatory term of life without the possibility of parole. Thus, we agree with the PCRA court that Appellant filed a patently untimely sixth PCRA petition presenting no claim overcoming the PCRA's jurisdictional time bar. Accordingly we affirm the order denying Appellant's PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/9/2017