J-S62014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH B. COX | : | |
| | : | |
| Appellant | : | No. 3570 EDA 2017 |

Appeal from the PCRA Order October 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0109501-1995

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 05, 2018**

Keith B. Cox appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Upon careful review, we affirm.

The PCRA court succinctly set forth the relevant factual and procedural history of this matter as follows:

> [Cox] was arrested and subsequently charged in connection with the fatal shootings of two drug dealers in 1988.  After fleeing to Canada, [Cox] was arrested for a minor offense and subsequently returned to Philadelphia in 1994.  On February 28, 1996, following a jury trial presided over by the Honorable James A. Lineberger, [Cox] was convicted of two counts of first-degree murder, two counts of robbery, and one count each of conspiracy and possession of an instrument of crime.  The trial court immediately sentenced [Cox] to the mandatory term of life imprisonment for both murder convictions.  On June 17, 1996, the trial court sentenced [Cox] to an aggregate consecutive term of ten to thirty years' imprisonment for the remaining convictions.  Following a

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

direct appeal, the Superior Court affirmed the judgment of sentence on July 10, 1997. The Pennsylvania Supreme Court denied *allocatur* on February 23, 1998.

On March 2, 1999, [Cox] filed his first *pro se* PCRA petition. Counsel was appointed[,] who subsequently filed a **Turner**/**Finley**[2] "no-merit" letter. The PCRA court denied relief on February 19, 2003. On September 30, 2008, the Superior Court affirmed the PCRA court's denial of post-conviction relief. The Pennsylvania Supreme Court thereafter denied *allocatur*.

On October 4, 2016, [Cox] filed the instant *pro se* PCRA petition, his second. [Cox] also submitted numerous supplemental filings which were reviewed jointly with his petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Cox] was served notice of the PCRA court's intention to dismiss his petition on July 6, 2017. [Cox] submitted responses to the Rule 907 notice on July 21 and September 26, 2017. On October 3, 2017, the PCRA court dismissed his PCRA petition as untimely. On October 18, 2017, the instant notice of appeal was timely filed to the Superior Court.

PCRA Court Opinion, 1/2/18, at 1-2 (footnotes omitted).

Cox raises the following issues for our review, *verbatim*:

1.   Whether unconstitutional government interference exist, by the appointment of counsel who participated in prosecution in the same matter violated [Cox's] right to conflict-free due process guarantee, creating impermissible risk of actual bias?

2.   Whether unconstitutional government interference exist, by the concealment of the 'agreement-deal, of pardon assistance in exchange for testimony' inducement, when denial by witness, uncorrected by prosecution violated due process clause?

3.   Whether evidence was insufficient to sustain the verdict or support the weight of first degree murder conviction when sole witness claimed his account unreliable, shock the conscience standard of substantive due process?

---

[2]   **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

4. Whether unconstitutional government interference exist by the concealment of international treaty negotiation to prosecutor's claimed legal extradition record omission absent terms of assurances sought by Canadian government violation of due process and fair trial?

5. Whether unconstitutional infirm jury instruction charge that did not comport to evidence presentation, by trial judge that included fabricated factual assertion, relieve prosecution of beyond reasonable doubt requirement to every element of crime charged, a due process violation?

Brief of Appellant, at 5.

We begin by noting that our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. *Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010). The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. *Id.*

Prior to addressing the merits of Cox's appeal, we must address the timeliness of his petition. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania,

or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

However, the court may consider the merits of an untimely petition when the petition alleges, and the petitioner proves, any of the three limited exceptions to the time for filing the petition, as set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii). These exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). In order to satisfy the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Here, Cox's judgment of sentence became final on or about May 25, 1998, when the time for seeking certiorari in the United States Supreme Court

expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Sup. Ct. R. 13. Cox filed the instant petition on October 4, 2016, more than 18 years after his judgment of sentence became final. Accordingly, Cox's petition was patently untimely and the PCRA court was without jurisdiction to consider it unless he pled and proved one of the exceptions to the time bar.

Cox attempts to invoke the "governmental interference" exception to the time bar by asserting that his counsel had a conflict of interest and that the Commonwealth concealed both a plea agreement with a witness and the terms of Cox's extradition from Canada. However, Cox raised these claims on appeal from the dismissal of his first PCRA petition and this Court deemed them waived for failure to raise them in the PCRA court. *See* ***Commonwealth v. Cox***, 1005 EDA 2003 (Pa. Super. filed 9/30/08) (unpublished memorandum decision). The PCRA requires that any claim invoking one of the timeliness exceptions be raised within 60 days of the date it could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). The fact that Cox raised these same claims in his prior appeal demonstrates that he was aware of the claims as early as 2003, when he filed the earlier appeal. Accordingly, he cannot satisfy the 60-day requirement set forth in section 9545(b)(2) and his attempt to overcome the jurisdictional time bar must fail.

Similarly, Cox's invocation of the "newly recognized constitutional right" exception under section 9545(b)(1)(iii) is without avail. Cox asserts that he is entitled to relief under ***Williams v. Pennsylvania***, 136 S. Ct. 1899 (2016), in which the Supreme Court held that due process requires a judge to recuse

himself when he previously had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case. However, Cox has failed to establish that the holding in **Williams** applies retroactively, as required under section 9545(b)(1)(iii). Moreover, **Williams** was decided on June 9, 2016; Cox filed the instant PCRA petition on October 4, 2016, more than sixty days after **Williams** was issued. Accordingly, he has failed to establish an exception to the time bar under section 9545(b)(1)(iii).[3]

Because Cox has failed to properly plead and prove any exception to the jurisdictional time bar, the PCRA court properly dismissed his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/18

---

[3] In any event, **Williams** is inapplicable to Cox's case, as it involved the recusal of a judge rather than the disqualification of defense counsel.