**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD LEROY SHOUEY, JR. | : | |
| | : | |
| Appellant | : | No. 1299 MDA 2019 |

Appeal from the PCRA Order Entered July 9, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0001340-2011

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED SEPTEMBER 23, 2020**

Donald Leroy Shouey, Jr., appeals *pro se* from the order, entered in the Court of Common Pleas of Centre County, dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

Following a trial in January 2013, a jury convicted Shouey of sexual assault,[1] aggravated indecent assault,[2] and indecent assault.[3]  On April 19, 2013, the trial court imposed an aggregate sentence of 11 to 22 years' imprisonment.  Shouey did not file a direct appeal, but filed a *pro se* PCRA petition on April 29, 2013, which appointed counsel amended on May 31,

---

[1] 18 Pa.C.S.A. § 3124.1.

[2] 18 Pa.C.S.A. § 3125(a)(1).

[3] 18 Pa.C.S.A. § 3126(a)(1).

2014. On November 18, 2014, Shouey filed a motion to withdraw his PCRA petition, which the trial court granted with prejudice. On July 22, 2015, Shouey filed his second *pro se* PCRA petition, which was dismissed as untimely on December 15, 2015. Subsequently, on April 1, 2019, Shouey filed his third *pro se* PCRA petition, the instant petition, which was dismissed as untimely on July 9, 2019. Shouey timely filed a notice of appeal; both he and the trial court complied with Pa.R.A.P. 1925.

Shouey raises the following issue for our review: "Did [Attorney] Stacy Parks Miller, along with her A.D.A. [Attorney] Kelly Gilette-Walker[,] have an *ex parte* relationship with the Honorable Bradley Lunsford via phone call/text message during the duration of [Shouey]'s trial?" Brief of Appellant, at 4.

When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa. Super. 2018). We are bound by a PCRA court's credibility determinations, but with regard to a court's legal conclusions, we apply a *de novo* standard. **Id.** Before reaching the issues that Shouey raises in his appellate brief, however, we must first ascertain whether the PCRA court correctly determined that his third petition was untimely filed. **See Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000) (PCRA time limit is jurisdictional; court may only review untimely petition if statutory exception applies).

Here, the PCRA court dismissed Shouey's petition as untimely filed. Generally, a petition for relief under the PCRA must be filed within one year

- 2 -

of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, an exception to the time limit for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.[4] A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *See Commonwealth v. Hernandez*, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2).[5]

Shouey's judgment of sentence became final on May 19, 2013, when the time expired for him to file a notice of appeal to this Court. *See* 42

---

[4] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[5] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter. *Id.* at § 3. In this case, Shouey's claim stems from alleged misconduct that occurred during his 2013 trial. Thus, the 60-day time limit in pre-amended section 9545(b)(2) applies to the current case.

Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Although Shouey timely filed his first PCRA petition, which was ultimately withdrawn, the instant petition, filed nearly six years after his judgment of sentence became final, is patently untimely unless he can plead and prove one of the enumerated exceptions to the PCRA time limit. *See Hernandez*, *supra* at 651-52.

Instantly, Shouey asserts that his petition is timely under the newly-discovered facts exception, codified at 42 Pa.C.S.A. § 9545(b)(1)(ii). This exception "has two components, which must be alleged and proved. Namely, the petitioner must establish that: (1) the facts upon which the claim was predicated were unknown; and (2) [those facts] could not have been ascertained by the exercise of due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007); 42 Pa.C.S.A. § 9545(b)(1)(ii). Due diligence requires a petitioner to take reasonable efforts to uncover facts that may support a claim for collateral relief. *Commonwealth v. Burton*, 121 A.3d 1063, 1071 (Pa. Super. 2015) (en banc). A petitioner must explain why he could not have learned the new fact(s) earlier by exercising due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). Additionally, the focus of this exception is on the newly-discovered facts, not on a newly-discovered or newly-willing source for previously known facts. *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008). "[T]o qualify as a new fact, the information may not be part of the public record." *Commonwealth v. Staton*, 184 A.3d 949, 955 (Pa. 2018).

Shouey's purported newly-discovered fact is that "Judge Lunsford was on the cell phone, utilizing text messaging throughout the proceeding of his trial[, which was] extremely prejudic[ial against Shouey] based upon the *ex parte* communications [between] Kelly Gillette-Walker and Judge Lunsford, or [between Judge Lunsford and] any support staff within the District Attorney's office." Brief of Appellant, at 9. Shouey bases this claim on: (1) notes of testimony from his 2013 trial, wherein Judge Lunsford discusses using his iPhone; (2) an excerpt from **Commonwealth v. McClure**, 172 A.3d 668 (Pa. Super. 2017), wherein the Court describes Judge Lunsford's *ex parte* communications with members of the Centre County District Attorney's Office, and (3) a press release dated August 29, 2017 from the Judicial Conduct Board regarding *ex parte* communications between Attorney Stacy Parks Miller and Judge Jonathan D. Grine. **See** PCRA Petition, 4/1/19, at 6-9; Ex. A.[6]

_____

[6] *Pro se* petitioners do not have access to information otherwise readily available to the public and, thus, to presume so is contrary to plain language of section 9545(b)(1)(ii). **See Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017). Here, however, Shouey was represented by counsel in 2013 when the facts giving rise to his claim (i.e., Judge Lunsford's cell phone use during Shouey's trial, allegedly communicating with Attorney Parks Miller) arose; therefore, the **Burton** edict is inapplicable to Shouey's claim. Thereafter, Attorney Parks Miller was suspended from the practice of law in Pennsylvania for one year and one day, effective March 10, 2019, for, *inter alia*, her *ex parte* communications with Judge Lunsford on cases **not involving Shouey**. **See Office of Disciplinary Counsel v. Stacy Parks Miller**, 32 DB 2017 (Pa. Feb. 8, 2019). In his appellate brief, Shouey submits that he "was informed about the pre-disposition of [the disciplinary action against Attorney Parks Miller] on or about January 7, 2019." Brief of Appellant, at 8. However, the disciplinary action **did not relate to Shouey's case**; thus, it is, at best, a new source for previously-known fact—specifically, that Judge Lunsford had

Shouey's reliance on information from 2017 to prove that certain conduct occurred during his 2013 trial results in his failure to surmount the PCRA's time-bar. As the trial court correctly noted,

> [A]ll of [Shouey]'s supporting information is well over a year old. [His] first piece of information is a statement made in his trial back in 2013, which [Shouey] was presumably present for, and thus [he] has been aware of this information since 2013. [His] second piece of supporting information is an excerpt from [**McClure**, **supra**], where McClure alleged certain events occurred during [McClure's] trial, and [Shouey's] third piece of supporting information is a press release from August 29, 2017 that is related to the **McClure** case [which Shouey] presents as his second piece of supporting information. If [Shouey] had exercised due diligence, [he] could have brought this allegedly newly discovered fact to the [c]ourt back in late 2017.

Trial Court Opinion and Order, 7/9/19, at 2-3.

Because Shouey has failed to plead and prove that the facts upon which his newly-discovered facts claim is predicated were unknown to him and could not have been ascertained by exercising due diligence, the trial court did not have jurisdiction to consider Shouey's untimely PCRA petition. **Bennett**, **supra**. Thus, the PCRA court correctly dismissed his petition.

Order affirmed.

---

*ex parte* communications with Attorney Parks Miller in the past. This is insufficient to overcome the PCRA's time-bar. **See Marshall**, **supra** at 720 (Pa. 2008).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/23/2020