753 A.2d 201

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jamal MURRAY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 2, 1999.

Decided May 19, 2000.

2

Jamal Murray, pro se.

Catherine Marshall, Philadelphia, Michael A. Morse, Asst. Dist. Atty., for the Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

NIGRO, Justice.

We granted allocatur in the instant case to determine whether the Superior Court erred in affirming the dismissal of Appellant's *pro se* Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, petition as untimely filed without first holding an evidentiary hearing regarding his claim that his trial counsel was ineffective for failing to file a timely direct

appeal to the Superior Court on his behalf. For the reasons that follow, we affirm.

On June 26, 1995, a jury convicted Appellant of burglary and recklessly endangering another person. On November 5, 1995, Appellant was sentenced to a term of imprisonment of three to ten years for the burglary conviction and a concurrent term of 24 months probation for the recklessly endangering another person conviction. While trial counsel for Appellant did file a direct appeal to the Superior Court, he did so in an untimely manner, which ultimately resulted in the dismissal of the appeal by order dated January 3, 1996.

On July 3, 1997, Appellant filed a *pro se* PCRA petition alleging, *inter alia*, ineffective assistance of trial counsel for failing to file a timely direct appeal to the Superior Court on his behalf. On October 16, 1997, the PCRA court dismissed the petition without a hearing, based on Appellant's failure to either: (1) file the petition in a timely manner pursuant to the PCRA's timeliness requirements; or (2) plead and prove that any of the claims raised therein met one or more of the exceptions to the PCRA's timeliness requirements set forth at 42 Pa.C.S. § 9545(b)(1)(i)–(iii). Appellant appealed the dismissal of his PCRA petition to the Superior Court, which affirmed by Order and Memorandum Opinion dated January 15, 1999. Appellant's instant appeal followed.

In 1995, the legislature amended the PCRA, effective January 16, 1996. Among those amendments was the addition of the timeliness requirements for the filing of PCRA petitions at 42 Pa.C.S. § 9545(b). Section 9545(b) of the PCRA provides as follows:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of

this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date that the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S. § 9545(b)(1)–(4).

Since Appellant's PCRA petition was filed after the effective date of the 1995 amendments to the PCRA, the timeliness requirements at 42 Pa.C.S. § 9545(b) fully apply to his petition. *See Commonwealth v. Beasley,* 559 Pa. 604, 606–08, 741 A.2d 1258, 1260 (1999) (citing *Commonwealth v. Laird,* 555 Pa. 629, 726 A.2d 346 (1999)). Appellant argues, however, that the lower courts erred in finding that the PCRA's timeliness requirements apply to his claim that his trial counsel was ineffective for failing to timely file a direct appeal, because the claim, if proven, would establish that Appellant was denied his federal and state constitutional right to the assistance of counsel, as well as his right, pursuant to Article V, Section 9 of the Pennsylvania State Constitution, to a direct appeal.

The argument advanced by Appellant, that the applicability of the PCRA's timeliness requirements to a PCRA

petition somehow depends on the nature of the constitutional violations alleged therein, finds no support in either the language of the PCRA or in the caselaw interpreting it. To the contrary, a plain reading of the PCRA's timeliness requirements indicates that they are intended to apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. *See* 42 Pa.C.S. § 9545(b); *see also Commonwealth v. Owens*, 718 A.2d 330 (Pa.Super.1998) (noting that, under the plain language of 42 Pa.C.S. § 9545, the substance of a PCRA petition is irrelevant to its timeliness). In addition, given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner. *See, e.g., Commonwealth v. Fahy*, 558 Pa. 313, 328–29, 737 A.2d 214, 222 (1999); *Commonwealth v. Peterkin*, 554 Pa. 547, 553–55, 722 A.2d 638, 641 (1998).

In the alternative, Appellant argues that his *pro se* PCRA petition meets the PCRA's timeliness requirements, because his conviction has never become final. In essence, Appellant contends that a defendant's conviction can never be considered final for purposes of triggering the PCRA's timeliness requirements until the defendant has fully litigated a direct appeal. As noted by the Superior Court, Appellant's contention in this regard is devoid of merit, as the plain language of the PCRA clearly provides that a judgment becomes final for purposes of triggering the commencement of the one-year filing period provided for at 42 Pa.C.S. § 9545(b)(1) "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, **or at the expiration of time for seeking the review.**" 42 Pa.C.S. § 9545(b)(3)(emphasis added). Appellant had thirty days following the entry of the Superior Court's January 3, 1996 order dismissing his direct appeal as untimely filed to seek discretionary review in this Court by filing a petition for allowance of appeal. Pa. R.A.P. 1113(a). Since Appellant never filed a petition for allowance of appeal to this Court from that order,

his judgment became final for purposes of triggering the commencement of the PCRA's one year filing period on February 2, 1996. As noted above, Appellant did not file his *pro se* PCRA petition until July 3, 1997, well after the expiration of his one year filing period under the PCRA. Thus, Appellant's alternative argument that his *pro se* petition meets the PCRA's timeliness requirements affords him no relief.

In short, the PCRA's timeliness requirements leave the courts without jurisdiction to consider the merits of a PCRA petition that is filed in an untimely manner, unless the petition alleges, and the petitioner proves, that one or more of the enumerated exceptions to the timeliness requirements applies to the claims raised therein. Given the fact that Appellant's PCRA petition was not filed within a year of the date that his judgment became final on February 2, 1996, and given the fact that Appellant has never alleged that any of the exceptions to the timeliness requirements apply to his claim that his counsel was ineffective for failing to file a timely direct appeal on his behalf, the PCRA court did not err by dismissing Appellant's petition as untimely filed without first holding an evidentiary hearing regarding his ineffectiveness claim.[1] Accordingly, we affirm the order of the Superior Court affirming the dismissal of Appellant's PCRA petition.[2]

1. Appellant's claim of ineffective assistance of counsel for failing to file a timely direct appeal is similar to the ineffectiveness claim brought by the petitioner in *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999). In *Lantzy*, this Court held that a claim brought in a PCRA petition alleging ineffective assistance of counsel for failing to file a requested direct appeal constitutes a cognizable claim for relief under the PCRA. *Id.* at 226–27, 736 A.2d at 572. However, unlike *Lantzy*, Appellant filed his *pro se* PCRA petition outside of the one year filing period provided for in the PCRA's timeliness requirements. Thus, we emphasize that it is Appellant's failure to file his PCRA petition in a timely manner, and not the nature of his ineffectiveness claim which is fatal to the success of his appeal from the dismissal of his petition.

2. We note that our previous decision in *Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760 (1996), has no bearing on the instant case, since *Stock* only involves the availability of nunc pro tunc relief **outside** the framework of the PCRA to restore a defendant's right to appeal his conviction of summary traffic offenses where counsel for the defendant failed to file a requested appeal in a timely fashion. In short, our decision in *Stock* applies only to those rare instances where a defendant

seeking nunc pro tunc relief is not, and never was, eligible to seek collateral relief under the PCRA because he could not satisfy the PCRA's custody requirement. *See* 42 Pa.C.S. § 9543(a)(1)(i)–(iii) (in order to be eligible for relief under the PCRA, a petitioner must be currently serving a sentence of death, imprisonment, probation, or parole for the conviction(s) that he wishes to appeal from, or must be currently serving a prior sentence which must expire before he may commence serving the disputed sentence). In the instant appeal, the issue presented involves the application of the PCRA's timeliness requirements to a PCRA petition alleging ineffective assistance of counsel for failing to file a direct appeal in a timely manner. Accordingly, our decision in *Stock* is of no moment here.