J-S61023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS L. TERRY | |
| Appellant | No. 368 WDA 2014 |

Appeal from the PCRA Order of February 11, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0015702-1991

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED DECEMBER 18, 2014**

Thomas L. Terry appeals the PCRA court order dismissing as untimely his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Because we agree that the petition was untimely filed and not subject to any applicable exception, we affirm.

Given the nature of our ruling, we need only recite essential aspects of the procedural history in this case.  On July 9, 1993, a jury convicted Terry of burglary, aggravated assault,[1] and spousal sexual assault.[2]  After

---

[*]     Retired Senior Judge assigned to the Superior Court.

[1]     *See* 18 Pa.C.S. § 3502 and 2702, respectively.

[2]     *See* 18 Pa.C.S. § 3128, *repealed by* Act of March 31, 1995, P.L. 985, No. 10, § 10.

sentencing and post-sentencing proceedings, Terry appealed and this Court affirmed his judgment of sentence on January 19, 1995. Terry filed a petition for allowance of appeal to our Supreme Court, which was denied on July 17, 1995. Terry did not file a petition for a writ of *certiorari* to the United States Supreme Court within the ninety days allowed by Supreme Court Rule 13.1. Consequently, Terry's judgment of sentence became final on October 16, 1995,[3] and he had until October 16, 1996, to file a timely PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(b)(1).

Terry filed the instant PCRA petition, his seventh, on January 2, 2014.[4] By order dated January 21, 2014, and docketed on January 23, 2014, the PCRA court entered a twenty-day notice pursuant to Pa.R.Crim.P. 907 indicating that the court intended to dismiss Terry's petition without a hearing because it was untimely and asserted claims that had been litigated previously.[5] On February 5, 2014, Terry filed a "letter brief" in rebuttal to the PCRA court's Rule 907 notice, wherein he offered no material argument that his petition was timely under any exception to the PCRA's one-year time

---

[3] The ninetieth day fell on October 15, 1995, but that date fell on a Sunday. Consequently, Terry's last day to file a timely *certiorari* petition was Monday October 16, 1995. ***See*** Sup. Ct. R. 30.1.

[4] The docket entry reflects a January 2, 2014 filing date. The time stamp on the petition, however, reflects a filing date of December 33 [*sic*], 2013.

[5] The docket incorrectly identifies this order as one "Denying Post-Conviction Relief Act Petition."

limit. On February 12, 2014, the PCRA court entered the order dismissing Terry's petition, and this timely appeal followed. On March 14, 2014, the PCRA court filed an order directing Terry to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Terry timely complied.[6] Thereafter, the PCRA court filed a Rule 1925(a) opinion, wherein it explained its bases for dismissing Terry's petition as untimely.

Like the trial court, we begin by reviewing our jurisdiction to consider Terry's petition. It is well-established that the PCRA time limits are jurisdictional, and must be strictly construed, regardless of the potential merit of the claims asserted. **Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa. Super. 2011); **Commonwealth v. Murray**, 753 A.2d 201, 202-03 (Pa. 2000), *abrogated on other grounds*, 943 A.2d 264 (Pa. 2008). "[N]o court may properly disregard or alter [these filing requirements] in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." **Murray**, 753 A.2d at 203; **see Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000).

Despite facial untimeliness, a tardy PCRA petition nonetheless will be considered timely if (but only if) the petitioner pleads and proves one of the

---

[6] Before this Court, Terry asserts five issues, that are lengthier than would warrant reproduction herein, given the fact that we do not reach the merits of any of them.

three exceptions to the one-year time limit enumerated in subsection 9545(b) of the PCRA, which provides:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b). When an appellant files a facially untimely petition under the PCRA, and fails to plead and prove one or more of the exceptions to the PCRA's one-year jurisdictional time limit, the petition is untimely and we must deny the appellant relief. *Gamboa-Taylor*, 753 A.2d at 783. Moreover, as reflected in the plain language of subsection 9545(b)(2), even when one of the exceptions may apply to a given petition, it will excuse the untimeliness only if the petition was filed within sixty days of the date that the conditions underlying the exception came to light. *Id.* at 784.

Terry acknowledges that his petition is untimely. However, he asserts that his untimeliness should be excepted based upon the governmental interference and newly-discovered fact exceptions set forth at subsection 9545(b)(1)(i). As noted, *supra*, in order to establish the application of that exception, Terry must plead and prove that he filed his petition within sixty days of when the claim could have been presented—in this instance, whenever he learned of the alleged government interference or the newly-discovered facts to which he alludes.

Although Terry makes some effort to argue his governmental-interference exception, he does not materially develop his newly-discovered fact exception. More importantly, however, nowhere in his PCRA petition or his brief does Terry assert that his petition was filed within sixty days of when he learned of the possible applicability of either exception. His failure to do so is fatal to his claims that either exception applies to release him from the requirement that his PCRA petition be filed within one year of when his judgment of sentence became final. Accordingly, the PCRA court correctly determined that it lacked jurisdiction over Terry's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/18/2014</u>