**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRENCE KRONK, | |
| Appellant | No. 1853 WDA 2014 |

Appeal from the PCRA Order November 6, 2013
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): 767 of 1976

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:　　　　**FILED: April 15, 2016**

This matter is again before this panel after remand from the Supreme Court of Pennsylvania.  On February 24, 2016, our Supreme Court granted the petition for allowance of appeal filed by Appellant, Terrence Kronk, vacated this Court's May 22, 2015 order affirming the dismissal of Appellant's petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, and remanded the case to our Court for further proceedings consistent with the United States Supreme Court's decision in ***Montgomery v. Louisiana***, ___U.S.___, 136 S.Ct. 718 (2016).  After careful review, we reverse the PCRA court's order dismissing Appellant's PCRA petition, vacate Appellant's judgment of sentence, and remand for resentencing.

On November 9, 1975, Appellant entered an open guilty plea to one count of criminal homicide. On October 17, 1976, the trial court found Appellant guilty of second-degree murder and sentenced him to a mandatory term of life imprisonment without the possibility of parole. Appellant was a juvenile at the time he committed the murder.

During his incarceration, Appellant filed multiple unsuccessful petitions for writ of *habeas corpus* and PCRA relief. However, on August 6, 2012, Appellant filed a PCRA petition alleging that he was entitled to relief pursuant to the United States Supreme Court's decision in *Miller v. Alabama*, ___U.S.___, 132 S. Ct. 2455 (2012), which held that mandatory life sentences for juvenile offenders were unconstitutional.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited

exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1]

The Supreme Court decided **Miller** on June 25, 2012, and Appellant filed the instant PCRA petition forty-two days later. **See** 42 Pa.C.S. § 9545(b)(2) (stating that a PCRA petition must be filed within sixty days of the date the claim could have been presented). Appellant argued that the decision in **Miller** should be retroactively applied. On November 6, 2013, the PCRA court dismissed Appellant's petition, and on May 22, 2015, we affirmed the PCRA court's order.

Appellant filed a petition for allowance of appeal with our Supreme Court on May 27, 2015. While that petition was pending, on January 25, 2016, the United States Supreme Court filed its opinion in **Montgomery**. In

_____

[1] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> **(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.**

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii) (emphasis added).

the *Montgomery* decision, the United States Supreme Court held that *Miller's* prohibition on mandatory life sentences without the possibility of parole for juvenile offenders was a new substantive rule, and it must be applied retroactively in cases on collateral review in state courts. *Montgomery*, 136 S.Ct. at 732. Accordingly, on February 24, 2016, the Pennsylvania Supreme Court vacated our May 22, 2015 decision and remanded Appellant's appeal from the denial of PCRA relief to this Court.

In light of the foregoing, petitioners whose PCRA petitions were based on *Miller* and were on appeal at the time the United States Supreme Court filed its decision in *Montgomery* are entitled to relief from their unconstitutional sentences. *Commonwealth v. Secreti*, ___ A.3d ___, 2016 PA Super 28 (Pa. Super. 2016). Thus, in the case at bar, Appellant is entitled to PCRA relief. *Id*.

For the reasons set forth above, we reverse the PCRA court's November 6, 2013 order dismissing Appellant's PCRA petition, vacate Appellant's judgment of sentence, and remand for resentencing in accordance with *Miller* and *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2013). On remand, the trial court shall, at a minimum, take into consideration the following factors:

> [Appellant's] age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug

and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

***Batts***, 66 A.3d at 297 (quotation marks and citation omitted).

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Wecht did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2016