J-S73040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                               :               PENNSYLVANIA
                                                 :
                v.                                  :
                                               :
                                               :
THOMAS E. DEPRIMO,                   :
                                               :
             Appellant                        :          No. 1241 MDA 2019

Appeal from the PCRA Order Entered July 10, 2019
in the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002705-2013

BEFORE: SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 26, 2020**

Thomas DePrimo ("DePrimo") appeals, *pro se*, from the Order dismissing his second Petition for Relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On January 17, 2014, DePrimo pled guilty to one count of failure to provide accurate registration information, after DePrimo failed to provide a valid address to the Pennsylvania State Police, in violation of his mandatory registration requirements under Megan's Law. He was sentenced to serve three to six years in prison. On August 18, 2017, DePrimo filed his first PCRA Petition. He was appointed counsel, who subsequently filed a Motion to Withdraw as Counsel, and a ***Turner-Finley***[2] letter. The PCRA court granted

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

the Motion to Withdraw, issued a Notice of Intent to Dismiss the PCRA Petition, and ultimately dismissed the Petition.

DePrimo appealed, and on November 8, 2018, this Court affirmed.[3]  On March 7, 2019, DePrimo, *pro se*, filed the instant PCRA Petition, his second. After issuing a Notice of Intent to Dismiss the second PCRA Petition, the PCRA court dismissed the Petition.  DePrimo filed a timely Notice of appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

DePrimo raises the following questions for our review:

> 1.)   Does [DePrimo] meet the PCRA timeliness exception for "[n]ewly [d]iscovered [f]act" under 42 Pa.C.S.[A.] § 9545(B)(1)(ii)?
>
> 2.)   Whether the PCRA [c]ourt erred as a matter of law in dismissing [DePrimo's] PCRA petition for having "[n]o [m]erit" where[,] on January 17, 2014, the [s]entencing [court] failed to inform [DePrimo] of his [p]ost-[s]entence and [a]ppell[ate] [r]ights during [s]entencing[,] as mandated in Pa.R.Crim.[P.] 704(c)(3)[?]

Brief for Appellant at 4.

On an appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error.  ***Commonwealth v. Breakiron***, 781 A.2d 94, 97 n.4 (Pa. 2001).  The PCRA requires that a petition for post-conviction relief must be filed within one year of the date the judgment of sentence becomes final,

---

[3] ***Commonwealth v. DePrimo***, 201 A.3d 830 (Pa. Super. 2018) (unpublished memorandum).

unless the petitioner pleads and proves one of three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Any petition invoking one of the exceptions shall be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000).

Here, DePrimo's judgment of sentence became final on February 16, 2014, thirty days after the time for filing a direct appeal expired. 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Accordingly, DePrimo had until February 16, 2015, to file the instant Petition. DePrimo filed the instant PCRA Petition more than four years after the filing date had expired. As a result, DePrimo's Petition is untimely on its face, and he must successfully prove that one of the exceptions to the time bar applies.

We will address both of DePrimo's arguments together, as they both involve his invocation of the "newly discovered fact" exception in 42 Pa.C.S.A. § 9545(b)(1)(ii). DePrimo argues that the trial court failed to advise him, on the record, of his specific post-sentencing and appellate rights pursuant to Rule 704(c)(3); rather, the trial court merely stated that DePrimo had the right to ask for reconsideration and appeal, and instructed him to review with his attorney a form listing his specific post-sentence and appellate rights. *Id.* at 9-10. DePrimo argues that this constituted a newly-discovered fact, and that he was unable to raise the issue because his first PCRA counsel did not

properly identify the issue. *Id.* at 7-8. Rather, DePrimo argues he only was able to identify the significance of the issue several years later, and with the assistance of a fellow inmate, while he was reviewing his sentencing transcripts in the prison's law library on February 9, 2019. *Id.* at 9.

The newly-discovered fact exception "has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown[,] and (2) could not have been ascertained by the exercise of due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (citation, internal quotation marks, and emphasis omitted). Due diligence requires a petitioner to "take reasonable steps to protect his own interests." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted). "A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." *Id.*

We ascertain no error by the PCRA court in its determination that DePrimo's claim did not constitute a "newly-discovered fact" pursuant to subsection (b)(1)(ii). The record shows that DePrimo was sentenced and informed of his post-sentence rights in 2014; he did not file any petition for post-conviction relief until 2017; and did not file the instant Petition until 2019. DePrimo has not established that he exercised due diligence in ascertaining what he argues is a newly-discovered fact. *See Monaco*. Though DePrimo argues that another inmate, who possessed some amount of paralegal experience, informed him of the "newly-discovered fact," he does

not explain why he was unable to discover this information sooner himself, when he ostensibly had access to his sentencing transcripts and the Pennsylvania Rules of Criminal Procedure prior to February 2019.  Further, DePrimo was present at sentencing, and signed a form indicating that he was informed of his post-sentence rights.  Additionally, DePrimo failed to raise this issue in his first PCRA petition.  **_See_** 42 Pa.C.S.A. § 9544(b) (stating that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").  Thus, DePrimo has failed to plead and prove the timeliness exception at subsection (b)(1)(ii).  Accordingly, we affirm the PCRA court's Order dismissing DePrimo's Petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2020