**[J-63-2023]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, McCAFFERY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 6 EAP 2023 |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Superior Court entered on |
| | : | February 24, 2022, at No. 1595 |
| v. | : | EDA 2020 quashing the Order |
| | : | entered on July 17, 2020, in the |
| | : | Court of Common Pleas, |
| WILLIAM SMITH, | : | Philadelphia County at |
| | : | No. CP-51-CR-0004759-2015 |
| Appellant | : | |
| | : | SUBMITTED: September 25, 2023 |

**OPINION**

**JUSTICE BROBSON**                **DECIDED: February 21, 2024**

Appellant William Smith (Appellant) filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-9546, in the Court of Common Pleas of Philadelphia County (trial court or PCRA court, when appropriate). The PCRA court entered an order dismissing Appellant's PCRA petition based solely on the fact that his facially untimely direct appeal from his judgment of sentence was pending in the Superior Court. Appellant appealed the PCRA court's order, and, relying on *Commonwealth v. Smith*, 244 A.3d 13 (Pa. Super. 2020), the Superior Court quashed that appeal, essentially agreeing with the PCRA court's decision to dismiss Appellant's PCRA petition due to his pending direct appeal. We granted allowance of appeal to examine whether the lower courts erred in the way they disposed of Appellant's PCRA petition. For the reasons that follow, we hold that the courts did err.

## I. INTRODUCTION

To facilitate a better understanding of the instant appeal, we find it helpful to begin by summarizing the pertinent sections of the PCRA, this Court's opinion in *Commonwealth v. Brown*, 943 A.2d 264 (Pa. 2008), and the Superior Court's decision in *Smith*, *supra*. Generally, a person seeking collateral relief from his conviction or sentence must file a PCRA petition "within one year of the date that the *judgment becomes final*," subject to certain statutory exceptions. 42 Pa. C.S. § 9545(b)(1) (emphasis added). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, *or at the expiration of time for seeking the review*." 42 Pa.C.S. § 9545(b)(3) (emphasis added).

In *Brown*, this Court considered the question of whether an untimely filed notice of appeal "displaces the statutory one-year period for filing a state post-conviction petition." *Brown*, 943 A.2d at 265. By way of background, Devon Brown (Brown) appealed his judgment of sentence, and the Superior Court ultimately quashed that appeal on the basis that Brown untimely pursued appellate relief. Nearly three years after the trial court sentenced Brown but only nine months following the Superior Court's quashal of his direct appeal, Brown filed a PCRA petition seeking the reinstatement of his direct appeal rights and presenting substantive challenges to his judgment of sentence. The PCRA court granted Brown collateral relief by reinstating his direct appeal rights but ruled against him on the substantive challenges to his judgment of sentence.

Brown appealed, and a fractured three-judge panel of the Superior Court quashed the appeal. The court concluded that Brown untimely filed his PCRA petition and that, as a result, the PCRA court lacked jurisdiction to grant any collateral relief to Brown. In doing so, the court noted that Brown did not file a written post-sentence motion following the imposition of his judgment of sentence. Under those circumstances, the court opined,

Brown's judgment of sentence became final 30 days after the trial court sentenced him. Consequently, to be timely, Brown had to file his PCRA petition within one year thereafter. In reaching this conclusion, the court rejected any argument that the PCRA's one-year time bar should be calculated from the date that the Superior Court determined that Brown untimely pursued his direct appeal. Under this articulation, Brown's PCRA petition was clearly untimely.

This Court granted Brown's petition for allowance of appeal to resolve a discrepancy in Superior Court decisions relative to the timeliness of PCRA petitions filed after the Superior Court quashes direct appeals as untimely filed. Rejecting *dictum* to the contrary in *Commonwealth v. Murray*, 753 A.2d 201 (Pa. 2000), the Court in *Brown* observed that, under Section 9545(b)(3) of the PCRA, "a judgment of sentence is final for purposes of the one-year time bar upon the expiration of the time for seeking review in circumstances in which direct appellate review is unavailable." *Brown*, 943 A.2d at 267. Accordingly, the Court affirmed the Superior Court's judgment, holding:

> [I]n circumstances in which no timely appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA.

*Id.* In other words, the *Brown* Court concluded that a direct appeal from a judgment of sentence that is quashed because the defendant untimely filed his notice of appeal does not toll the PCRA's one-year time bar for seeking collateral relief.

Regarding the Superior Court's decision in *Smith*, after the trial court convicted and sentenced Shaheed Smith, he timely filed a notice of appeal, and the Superior Court affirmed his judgment of sentence. *Smith*, 244 A.3d at 15. Shaheed Smith then timely filed a petition for allowance of appeal in this Court. While that petition was awaiting this Court's review, Shaheed Smith filed a PCRA petition. The PCRA court acknowledged

that Shaheed Smith prematurely filed his PCRA petition insomuch as he timely pursued his direct appeal but had not exhausted that path before filing his petition. The PCRA court chose to accept and hold the PCRA petition. The PCRA court later treated Shaheed Smith's PCRA petition as if it had been filed on the date that this Court denied his petition for allowance of appeal. Thereafter, the PCRA court dismissed the PCRA petition without a hearing, and Shaheed Smith appealed that order to the Superior Court.

Before addressing the merits of Shaheed Smith's claims, the Superior Court stated that it must first assess whether Shaheed Smith timely filed his PCRA petition and, thus, invoked the PCRA court's jurisdiction. Noting the well-settled proposition that "[a] PCRA petition may only be filed after an appellant has waived or exhausted his direct appeal rights[,]" the Superior Court found no authority to support the PCRA court's actions. *Smith*, 244 A.3d at 16 (internal quotation marks, citation, and emphasis omitted). The court stated that "the PCRA court had no jurisdiction to 'hold' the premature filing until the appeal was denied." *Id.*

In support, the Superior Court explained that, after an appeal is taken, absent limited exceptions, a trial court lacks jurisdiction to proceed further in a matter. *Id.* at 17 (citing Pa.R.A.P. 1701(a) (providing that "[e]xcept as otherwise prescribed by these rules, after an appeal is taken . . . , the trial court . . . may no longer proceed further in the matter")). Thus, the Superior Court concluded that, if a defendant prematurely files a PCRA petition while his direct appeal is pending, then the PCRA court should dismiss it without prejudice to the defendant's right to file a petition after he has exhausted his direct appeal rights. *Id.* at 16-17 (quoting *Commonwealth v. Williams*, 215 A.3d 1019, 1023 (Pa. Super. 2019)).

In this matter, we consider our holding in *Brown* as applied to so-called "premature" PCRA petitions—*i.e.,* PCRA petitions filed while a direct appeal from a judgment of

sentence is pending. We do so in the context of the single issue we accepted for review, as phrased by Appellant:

> Should *Commonwealth v. Smith*, 244 A.3d 13 (Pa. Super. 2020), which was never reviewed by this Court but bound the panel below, be overruled (at least to the extent that it applies to prophylactic petitions like the present one) and should Pennsylvania instead recognize and adopt the superior procedure of "stay and abey" used by federal courts under the analogous deadlines of 28 U.S.C. § 2254?

*Commonwealth v. Smith*, 293 A.3d 563, 563-64 (Pa. 2023) (per curiam).[1]

## II. BACKGROUND

A jury convicted Appellant of*, inter alia*, rape of a child. The trial court imposed sentence on March 29, 2018. Appellant timely filed post-sentence motions on April 9, 2018. Citing Pennsylvania Rule of Criminal Procedure 720(B)(3)(b), the trial court entered an order that extended the 120-day time period for ruling on the post-sentence motions by 30 days—*i.e.*, until September 6, 2018. One day later, on September 7, 2018, the trial court entered an order denying Appellant's post-sentence motions. Appellant did not file a notice of appeal within 30 days of this order. *See* Pa.R.Crim.P. 720(A)(2)(a) (requiring defendant to file notice of appeal within 30 days of entry of order ruling on post-sentence motions).

Instead, over a year later—on October 4, 2019—Appellant filed a notice of appeal, indicating that he was appealing his judgment of sentence. In his notice of appeal, Appellant contended that his appeal was timely because he was never properly served with notice of the September 7, 2018 order denying his post-sentence motions. That same day, Appellant filed a praecipe in the trial court, essentially contending that the September 7, 2018 order denying his post-sentence motions was a nullity because it was

---

[1] This issue presents a question of law. "Like all questions of law, our standard of review is *de novo*, and our scope of review is plenary." *Skotnicki v. Ins. Dep't*, 175 A.3d 239, 247 (Pa. 2017).

not properly served and that, as a result, he was entitled to the entry of a new order reflecting the deemed denial of his post-sentence motions, from which he could timely file a notice of appeal. The trial court struck the praecipe as unauthorized on October 9, 2019.

In the interim, on October 7, 2019, Appellant filed his PCRA petition that he characterized as "prophylactic." (PCRA Petition, 10/7/2019, at ¶1.) Apparently understanding the potential impact that this Court's decision in *Brown* may have on his future ability to timely file a PCRA petition, he explained that, on October 4, 2019, he filed the above-described praecipe and notice of appeal and that,

> in the alternative event that a court of competent jurisdiction later rules, in a final and nonappealable order, that those documents were not timely filed, this petition (filed on Monday, October 7, 2019 [within one year after 30 days after September 7, 2018]) is filed to protect [Appellant's] right to reinstatement of his appellate rights. [Appellant] respectfully requests that the court take no action on this petition as long as his direct appeal is pending in any court, or could be the subject of a further appeal, application for reargument, petition for allowance of appeal, or petition for certiorari.

(*Id.* (one alteration in original).) In the body of his PCRA petition, Appellant claimed that his trial counsel rendered ineffective assistance by failing to preserve his direct appellate rights by filing a notice of appeal in October of 2018.

On June 8, 2020, the PCRA court, pursuant to Pennsylvania Rule of Criminal Procedure 907, notified Appellant of its intent to dismiss his PCRA petition without prejudice because of Appellant's pending, albeit facially untimely, direct appeal in the Superior Court. The PCRA court did not engage in any other analysis regarding the timeliness of Appellant's PCRA petition. Appellant responded to the Rule 907 notice by again asking the PCRA court not to dismiss his PCRA petition out of concern that if the Superior Court quashed his direct appeal as untimely, a PCRA petition filed thereafter likely would be out of time under the PCRA's statutory one-year time bar. To address his concern, rather than dismiss the petition, Appellant asked the PCRA court to hold his

petition in abeyance, pending the Superior Court's ruling on the timeliness of his direct appeal. Despite Appellant's concern, the PCRA court dismissed the PCRA petition without prejudice, and Appellant appealed that order to the Superior Court as well.

Importantly, a three-judge panel of the Superior Court (Direct Appeal Panel), by unpublished memorandum dated February 12, 2021, quashed Appellant's direct appeal from his judgment of sentence, concluding that he untimely filed his notice of appeal. *Commonwealth v. Smith* (Pa. Super., No. 3158 EDA 2019, filed Feb. 12, 2021). This Court denied Appellant's petition for allowance of appeal on October 18, 2021. *Commonwealth v. Smith*, 265 A.3d 194 (Pa. 2021) (per curiam). Appellant did not seek further review in the United States Supreme Court.

By unpublished memorandum dated February 24, 2022, a different three-judge panel of the Superior Court (PCRA Appeal Panel) quashed Appellant's appeal from the PCRA court's order dismissing his PCRA petition as premature. *Commonwealth v. Smith* (Pa. Super., No. 1595 EDA 2020, filed Feb. 24, 2022). Relying on its decision in *Smith*, the PCRA Appeal Panel concluded that the PCRA court did not err when it dismissed Appellant's PCRA petition as premature in light of Appellant's then-pending direct appeal. Like the PCRA court, the PCRA Appeal Panel did not engage in any other analysis of the timeliness of Appellant's PCRA petition. Instead, finding that the PCRA court did not commit any error in dismissing Appellant's PCRA petition, the PCRA Appeal Panel quashed the appeal, concluding that it lacked jurisdiction. This Court subsequently granted Appellant's petition for allowance of appeal.

### III. ARGUMENTS

Appellant initially submits that we have held that PCRA courts generally must dismiss untimely filed PCRA petitions that follow direct appeals that ultimately were quashed as untimely filed. (Appellant's Brief at 5 (relying on *Brown, supra*).) Appellant

believes that this case law should have prompted the PCRA court to hold his "prophylactic" PCRA petition in abeyance while his direct appeal was pending in the Superior Court.  Appellant asserts that, "if the precautionary PCRA petition's dismissal is not reversed, and because the then-pending direct appeal was quashed as untimely, then [he] will be deprived of any appeal at all."  (*Id.* at 6.)

According to Appellant, in habeas litigation, "[t]he federal courts have dealt with the conundrum posed by the mid-1990s imposition of one-year limits on [federal] collateral petitions through the use of the 'stay and abey' procedure."[2]  (*Id.*)  Appellant further states that, because of "the adoption of the one-year limit, there would be no jurisdiction if a petition were filed after the eventual completion of state-court proceedings, because the one-year limit would not have been tolled in the meantime."  (*Id.*)  Proceeding to apply this federal approach, Appellant recounts the procedural history of the case.  Of note, he suggests that, after the Direct Appeal Panel concluded that he untimely pursued his direct appeal, the PCRA's one-year time period for filing a petition already had passed, meaning that he could not timely seek PCRA relief.  Thus, in his view, the PCRA court

---

[2] The Commonwealth of Pennsylvania (Commonwealth) describes the federal "stay and abey" practice as follows:

> A defendant has one year from his final judgment date to file for federal habeas relief, a limitations period that is tolled by a "properly filed" PCRA petition.  28 U.S.C. § 2244(d).  When a defendant is unsure whether his PCRA petition will be accepted as timely, he may file a "protective" habeas petition and "ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."  *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005).  This preserves his federal filing date in the event that the state petition is ultimately deemed untimely, meaning it is not properly filed and does not toll the limitations period.  Indeed, where "an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."  *Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004).

(Commonwealth's Brief at 8 (alteration in original).)

should have held his PCRA petition in abeyance, making it "imperative" for this Court to reverse the PCRA court's order dismissing his PCRA petition. (*Id.* at 7.)

Next, Appellant offers a truncated argument concerning the validity of the Superior Court's decision in *Smith*. Appellant appears to argue that, because this Court has held that PCRA courts ordinarily must dismiss untimely filed PCRA petitions that follow Superior Court decisions quashing direct appeals from judgments of sentence as untimely filed, the Court should embrace his attempt to avoid that result by filing a "prophylactic" petition while his direct appeal was pending.

The Commonwealth takes a position that is favorable to Appellant. The Commonwealth submits that, if a defendant files a PCRA petition while his direct appeal from his judgment of sentence is pending and the defendant may have untimely pursued that appeal, then the PCRA court should stay the PCRA litigation until the appellate courts resolve the timeliness of his direct appeal. Addressing the Superior Court's decision in *Smith*, the Commonwealth points out that Shaheed Smith filed a PCRA petition while his indisputably timely filed direct appeal was pending. The Commonwealth reports that the *Smith* court quashed the PCRA appeal because: "(1) a PCRA petition may be filed only after a defendant waives or exhausts his direct appeal rights[;] and (2) [Pennsylvania Rule of Appellate Procedure 1701 (Appellate Rule 1701)] prohibits a trial court from proceeding once an appeal has been taken." (Commonwealth's Brief at 6-7.) The Commonwealth insists that neither of these grounds warrant the dismissal of Appellant's PCRA petition.

First, the Commonwealth distinguishes the present circumstances from those in *Smith*. In the Commonwealth's view, unlike Appellant's PCRA petition, Shaheed Smith's PCRA petition truly was premature because he filed it when his timely-filed direct appeal was pending. In other words, Shaheed Smith filed his PCRA petition before he exhausted his direct appeal rights. Here, the Commonwealth suggests, "[r]ather than filing a

premature petition while a timely direct appeal was pending, as [Shaheed Smith] did, [Appellant] filed a timely PCRA petition while a facially untimely direct appeal was pending." (*Id.* at 7.)

Second, the Commonwealth argues that Appellate Rule 1701 does not prohibit PCRA courts from staying matters such as Appellant's attempt to pursue PCRA relief. Appellate Rule 1701 provides, in relevant part, that, after an appeal is taken, "the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a). Relying on Black's Law Dictionary, the Commonwealth maintains that a stay is the "postponement or halting of a proceeding." (Commonwealth's Brief at 7 (quoting *Stay*, Black's Law Dictionary 1709 (11th ed. 2019).) The Commonwealth argues that "[p]ostponing or halting a matter is the opposite of 'proceed[ing] further.'" (*Id.* (second alteration in original).)

Like Appellant, the Commonwealth finds guidance from the federal courts. The Commonwealth explains that, "[w]hen a defendant is unsure whether his PCRA petition will be accepted as timely, he may file a 'protective' habeas petition and 'ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.'" (*Id.* at 8 (quoting *Pace*, 544 U.S. at 416-17) (latter alteration in original).) According to the Commonwealth, "[t]his preserves his federal filing date in the event that the state petition is ultimately deemed untimely, meaning it is not properly filed and does not toll the limitations period." (*Id.*) The Commonwealth advocates that this Court should adopt a similar practice when, as here, a defendant is unsure whether he timely sought to appeal his judgment of sentence and fears that he will be time-barred from filing a PCRA petition if the appellate courts conclude that he, in fact, untimely commenced his direct appeal.

The Pennsylvania Attorney General and the Pennsylvania District Attorney Association (DA Association) filed *amici* briefs in support of the Commonwealth. While the Attorney General's position largely aligns with the Commonwealth's stance, the DA Association has an entirely different take on the matter. In addition to averring that the Superior Court properly decided *Smith* and that the PCRA Appeal Panel correctly applied that decision in quashing Appellant's appeal, the DA Association argues that Appellant is misguided in suggesting that this Court should adopt the federal stay-and-abey procedure. (DA Association's Brief at 12-15.) As to this argument, it is sufficient for present purposes to note that the DA Association believes that, because federal habeas litigation is entirely distinct from PCRA litigation, the stay-and-abey procedure is an ill fit to remedy the problem that Appellant has created. This conclusion is particularly accurate, the DA Association argues, given that the PCRA provides exceptions to its one-year jurisdictional time bar, which the DA Association appears to believe were available to Appellant.[3] *See* 42 Pa. C.S. § 9545(b)(1)(i-iii).

---

[3] The DA Association also advocates that this Court should dismiss this appeal as improvidently granted or deny Appellant relief on other grounds. The gist of the DA Association's arguments is that Appellant's post-sentence motions should have been deemed denied by operation of law at a date significantly earlier than September 7, 2018, and, therefore, Appellant untimely filed his PCRA petition on October 7, 2019. (DA Association's Brief at 3-7.)

By advancing these arguments, the DA Association, a non-party to this litigation, is attempting to inject issues into this appeal that are outside the scope of the issue we granted allowance of appeal to consider. We, therefore, decline to address these issues. *See Marion v. Bryn Mawr Tr. Co.*, 288 A.3d 76, 93 (Pa. 2023) (declining to address issue because it was outside scope of Court's limited grant of allowance of appeal). For purposes of the issue now before this Court, we accept the Direct Appeal Panel's determination that September 7, 2018, is the operative date on which the trial court denied Appellant's post-sentence motions. *See Smith*, slip op. at 13 (Direct Appeal Panel Decision) (holding that, because trial court denied Appellant's post-sentence motions on September 7, 2018, he was required to file notice of appeal by October 7, 2018). We do so without rendering any opinion as to whether the DA Association's arguments to the contrary have merit.

## IV. DISCUSSION

It is well-settled that, relative to PCRA petitions, questions of timeliness are jurisdictional in nature; therefore, courts must address these questions as threshold issues. *See, e.g., Commonwealth v. Morris*, 822 A.2d 684, 692 (Pa. 2003) (stating that "questions of timeliness [of PCRA petitions] are jurisdictional threshold questions"). Here, despite Appellant clearly placing the PCRA court on notice of valid concerns regarding the timeliness of his PCRA petition, the PCRA court failed to engage in a meaningful analysis of that issue and to consider how to proceed in the matter. Instead, the court dismissed the petition based solely upon Appellant's pending, facially untimely attempt to appeal his judgment of sentence. Yet, given our holding in *Brown*, a pending, facially untimely direct appeal does not *per se* render a PCRA petition untimely filed as premature.

On appeal, the PCRA Appeal Panel repeated the PCRA court's mistake of failing to engage in a meaningful timeliness analysis. Indeed, the court characterized Appellant's PCRA petition as "premature," equating it with Shaheed Smith's PCRA petition. *See Smith*, slip op. at 5 n.3 (PCRA Appeal Panel Decision). Yet, Shaheed Smith's PCRA petition truly was premature and, thus, untimely because he filed it while his indisputably timely-filed direct appeal was pending; in other words, he filed his PCRA petition without first exhausting his direct appeal rights. Here, however, by the time the PCRA Appeal Panel issued its decision, the Direct Appeal Panel, almost a year earlier, had determined that Appellant untimely pursued his direct appeal, and this Court had denied Appellant's petition for allowance of appeal from the Direct Appeal Panel's decision over four months prior. Although acknowledging this change in the posture of the case on appeal, the PCRA Appeal Panel rotely applied its decision in *Smith*, ignored this Court's precedent in *Brown*, and erroneously characterized Appellant's PCRA petition

as premature. Indeed, under *Brown*, as a result of the Direct Appeal Panel's decision quashing Appellant's direct appeal as untimely and this Court's denial of Appellant's petition for allowance of appeal from that decision, it became clear that Appellant timely filed his PCRA petition.

Specifically, although Appellant's facially untimely direct appeal was pending when he filed his PCRA petition, that appeal process resulted in a determination that, because Appellant had to commence his direct appeal by October 8, 2018, he untimely pursued his direct appeal by filing a notice of appeal on October 4, 2019—*i.e.*, nearly a year late. Stated differently, the outcome of Appellant's direct appeal dictated that, for purposes of the PCRA, Appellant's judgment became final on October 8, 2018, when his time expired for seeking review of his judgment of sentence. 42 Pa. C.S. § 9545(b)(3); *Brown*, *supra*. Thus, pursuant to the plain language of the PCRA and consistent with this Court's decision in *Brown*, Appellant timely filed his PCRA petition on October 7, 2019. *See* 42 Pa. C.S. § 9545(b)(1).

Having reached this conclusion, we express our agreement, at least in part, with the suggestion of Appellant, the Commonwealth, and the Attorney General that the PCRA court should have delayed ruling on the timeliness of Appellant's PCRA petition until his direct appeal ran its course. If, as occurred here, a petitioner files a PCRA petition while his facially untimely direct appeal is pending, the PCRA court should delay a definitive ruling on the timeliness of the petition until it has all the facts necessary to make such an assessment, because, before that time, it is not yet clear whether jurisdiction rests with the PCRA court. Hence, the dismissal of a PCRA petition under these circumstances would, itself, be premature. This procedure is faithful to our holding in *Brown* and protects eligible defendants' statutory right to pursue collateral relief within the general time restrictions of the PCRA.

We further concur with the Commonwealth and the Attorney General that Appellate Rule 1701(a) does not impede such a procedure.[4]  Again, that rule provides:  "Except as otherwise prescribed by these rules, after an appeal is taken . . . , the trial court . . . may no longer proceed further in the matter."  Pa.R.A.P. 1701(a).  This rule does not entirely prevent a trial court from acting after an appeal is taken.  Indeed, Appellate Rule 1701(b) enumerates several actions that trial courts can take after a defendant files a notice of appeal.  Pertinent to this matter, that rule provides:

> (b) Authority of a trial court or other government unit after appeal.--After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
>
> > (1) *Take such action as may be necessary to preserve the status quo*, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed, and transmitted, grant leave to appeal *in forma pauperis*, grant *supersedeas*, and *take other action* permitted or required by these rules or *otherwise ancillary to the appeal* or petition for review proceeding.

Pa.R.A.P. 1701(b)(1) (emphasis added).

When a defendant lodges an appeal from his judgment of sentence and he otherwise may be eligible for PCRA relief, in our view, the *status quo* includes the defendant's statutory right to seek collateral review through the PCRA, if necessary.  Thus, pursuant to Appellate Rule 1701(b)(1), if a defendant files a PCRA petition during the pendency of a facially untimely direct appeal that may impact the timeliness of his PCRA petition, then the PCRA court is empowered to maintain the *status quo* by entering an order postponing a ruling on the timeliness of the petition.  We also are of the view that a PCRA court's decision to delay ruling on the timeliness of a PCRA petition is an action "otherwise ancillary" to the pending, facially untimely direct appeal.  *See* Pa.R.A.P. 1701(b)(1).  Consequently, this portion of Appellate Rule 1701(b)(1) also

---

[4] To the extent that this appeal requires the Court to interpret the Rules of Appellate Procedure, generally speaking, we accomplish such a task consistent with the provisions of the Statutory Construction Act.  *See* Pa.R.A.P. 107.

allows PCRA courts to enter orders postponing rulings on the timeliness of PCRA petitions under circumstances like those in the present matter.[5]

## V. CONCLUSION

For these reasons, we conclude that the PCRA Appeal Panel erred by quashing Appellant's appeal from the PCRA court's order dismissing his PCRA petition. We, therefore, vacate the PCRA Appeal Panel's quashal of Appellant's appeal, as well as the PCRA court's order dismissing his PCRA petition. Further, we remand the matter to the PCRA court to proceed in a manner consistent with this opinion.

Chief Justice Todd and Justices Donohue, Dougherty, Wecht, Mundy and McCaffery join the opinion.

---

[5] Having reached these conclusions, we do not need to overrule or otherwise address the validity of the Superior Court's opinion in *Smith*. The circumstances that animated that decision clearly are distinguishable from those underlying the present matter. Most notably, Shaheed Smith's PCRA petition truly was premature as his indisputably, timely filed direct appeal was pending when he filed the petition. In addition, because we can resolve the ultimate question in this matter without delving into the particulars of the federal stay-and-abey practice, we need not venture further into that practice to address the issue.