J-S11009-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DARIAN LUCAS | : | |
| | : | |
| Appellant | : | No. 1484 WDA 2025 |

Appeal from the PCRA Order Entered November 4, 2025
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0001069-1994

BEFORE: LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY STABILE, J.:                      **FILED: JUNE 26, 2026**

Appellant, Darian Lucas, appeals *pro se* from the order entered on November 4, 2025, in the Court of Common Pleas of Erie County, dismissing as untimely Appellant's petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

A prior panel of this Court, which resolved Appellant's first PCRA petition, summarized the relevant facts as follows.

> This case has its genesis in a fight that culminated in Appellant discharging a loaded .45 caliber semi-automatic handgun into a crowded bar on March 13, 1994. Four patrons, William Sansom, Natasha Smith, Andre Barnes and Calvin Martin were wounded [or killed.] As a result, Appellant was arrested and charged with various offenses arising out of this incident.
>
> A jury trial was held in January of 1995, following which Appellant was convicted of murder in the first degree, attempted criminal homicide, aggravated assault, simple assault, recklessly endangering another person, possession of an instrument of crime and carrying a firearm without a license. After a penalty hearing,

the jury voted to impose a sentence of life imprisonment rather than the death penalty.

On March 3, 1995, Appellant was sentenced to a term of life imprisonment with regard to his murder conviction.

*Commonwealth v. Lucas*, 2269 Pittsburgh 1997 (Pa. Super. filed Nov. 24, 1998) (unpublished memorandum at 1-2) (footnotes omitted), *appeal denied*, 739 A.2d 164 (Pa. 1999).

Appellant filed a direct appeal, and this Court affirmed. *Id.* at 3. Appellant filed a petition for allowance of appeal with our Supreme Court, which denied same on August 6, 1996. *See Commonwealth v. Lucas*, 681 A.2d 1341 (Pa. 1996).

Appellant subsequently filed four unsuccessful PCRA petitions, the dismissals of which were affirmed by this Court: *Lucas*, 2269 Pittsburgh 1997; *Commonwealth v. Lucas*, 1054 Pittsburgh 1998 (Pa. Super. filed May 10, 1999), *appeal denied*, 747 A.2d 366 (Pa. 1999); *Commonwealth v. Lucas*, 607 WDA 2008 (Pa. Super. filed Nov. 7, 2008), *appeal denied*, 971 A.2d 488 (Pa. 2009), and *Commonwealth v. Lucas*, 1815 WDA 2012 (Pa. Super. filed June 19. 2013), *appeal denied*, 78 A.3d 1090 (Pa. 2013).

Appellant filed the underlying PCRA petition, his fifth, on September 18, 2025. In it, Appellant mentions *Overby v. Wetzel*, No. 11-5616, 2025 WL 1559150 (E.D. Pa. May 30, 2025), for the proposition that "voir dire answers

are presumed prejudicial."[1]  PCRA petition at 3.  Appellant provides no further

explanation of how **Overby** would be relevant in the disposition of the merits

of his case.[2]

_____

[1] Appellant also intertwines the prejudice claim under **Overby** with a claim of ineffective assistance of counsel.  It would seem that Appellant believes that his direct appeal counsel was ineffective for not challenging the trial court's handling of voir dire, based on the reasoning of **Overby**.

To the extent Appellant raises such a claim, the claim is waived and/or meritless.  The claim is waived because Appellant provided no meaningful discussion of counsel's ineffectiveness.  **See**, **e.g.**, **Commonwealth v. Wharton**, 811 A.2d 978, 986 (Pa. 2002).  Additionally, the claim is meritless.  Even if **Overby** had recognized a new constitutional right, as Appellant claims, we have reiterated that it is not ineffective assistance of counsel to fail to predict future changes in governing law.  **Commonwealth v. Mason**, 130 A.3d 601, 650 (Pa. 2017).

[2] On direct appeal, Overby argued that appellate counsel was ineffective for failing to challenge's the trial court refusal to conduct individual voir dire of prospective venire persons and excluding prospective jurors who had incarcerated family members.  We concluded that the appellant was entitled to no relief as he had failed to show he suffered prejudice from counsel's omission.  **Commonwealth v. Overby**, 2020 WL 7785574 (Pa. Super. 2020) (unpublished memorandum).  Our Supreme Court denied Overby's petition for allowance of appeal on July 21, 2021.

Subsequently, Overby filed a Petition for Writ of Habeas Corpus before the federal district court alleging, among other things, that the trial court violated his Sixth and Fourteenth Amendment rights by automatically excluding prospective jurors based solely on the fact that they had incarcerated family members, and that his appellate counsel was ineffective for failing to pursue this claim further.

The federal district court granted Overby's petition for a writ of habeas corpus, noting that established federal law presumes prejudice from the wholesale and improper exclusion of a category of jurors, and that the Superior Court's requiring of Overby to adduce the prejudice he suffered from the defective voir dire was inconsistent with federal law.  **Overby v. Wetzel**, No. 11-05616, 2025 WL 1561526 (E.D. Pa. 2025) (report and recommendation).

In the context of addressing the timeliness of the underlying petition, Appellant stated that **Overby** is "new case law that is presidential [sic] in prior case appeal, stated failure to establish that he suffered prejudice in connection with voir dire challenge this was error." **Id.** at 8 (verbatim). It would seem, therefore, that Appellant believes that **Overby** qualifies under the after-recognized constitutional right exception to the PCRA's jurisdictional time-bar.

Before addressing the merits of Appellant's claims, we must determine whether the underlying PCRA petition is timely, as its timeliness implicates our jurisdiction. **See**, **e.g.**, **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); **Commonwealth v. Fahy**, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition).

As noted, Appellant believes that **Overby** qualifies as an after-recognized constitutional right exception to the PCRA's jurisdictional time-bar. We disagree.

> To invoke the after-recognized constitutional right exception pursuant to Section 9545(b)(1)(iii), a petitioner must plead and prove that (1) "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [our Supreme Court] after the time provided in [Section 9545]"; and (2) "the right has been held by that court to apply retroactively."

- 4 -

> [**Commonwealth v. Reid**, 235 A.3d 1124, 1154 (Pa. 2020)] (citation and original quotation marks omitted). Importantly, the court announcing the new constitutional right must have ruled that the right applied retroactively prior to the filing of a petition for collateral review. **Id.** at 1154, 1161 (stating that, by use of the words "has been held" and "that court" in Section 9545(b)(1)(iii), "the legislature clearly intended that the right was already recognized [as applicable with retroactive force] at the time the petition was filed"); **see also Commonwealth v. Washington**, 636 Pa. 301, 142 A.3d 810, 823 (2016) (Dougherty, J. concurring) (stating, the "safety valve for vindication of new and retroactive rights is logically limited to pronouncements from the two courts of last resort that can recognize new rights and makes clear that the court of last resort announcing the new right should also issue the holding on the retroactivity of the new right").

**Commonwealth v Branthafer**, 315 A.3d 113, 131 (Pa. Super. 2024).

There are several problems with Appellant's timeliness argument. First, **Overby** is a decision from a federal district court. Decisions of federal district courts are not binding on Pennsylvania courts, even when a federal question is involved. **See**, **e.g.**, **Commonwealth v Burgos**, 64 A.3d 641 (Pa. Super. 2013). Second, **Overby** did not recognize a new constitutional right. Third, for purposes of the exception, only the recognition of a new constitutional right by the United States Supreme Court or our Supreme Court will trigger the exception and only if the recognition was held to be applicable retroactively. Because none of the above conditions are met here, the

underlying PCRA petition is untimely.  As such, we cannot reach the merits of the underlying PCRA.  *See*, *e.g.*, *Fahy*, *supra*.[3, 4]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/26/2026

---

[3] In light of our disposition, Appellant's application to strike and the June 3, 2026 "motion to take judicial notice" are denied as moot.  Additionally, Appellant's application to compel is similarly denied as moot.  While we are not pleased with the trial court's handling of our March 31, 2026, order, in light of our disposition, the trial court is relieved from further compliance.

[4] In a supplemental filing, Appellant mentions *Commonwealth v. Blakeney*, 346 A.3d 318 (Pa. 2025).  It is unclear how *Blakeney* would help Appellant. *Blakeney* deals with the newly discovered facts exception to the PCRA time-bar.  Here, Appellant unsuccessfully attempted to raise an after-recognized constitutional right exception.  To the extent that Appellant argues that *Overby* or *Blakeney* constitute newly discovered facts, it is well-established that judicial opinions do not qualify as newly discovered fact.  *See Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011).